[No. 9948. Department Two. June 10, 1912.]

## GOLDIE V. BRYDGES, *by her Guardian etc., Appellant,* v. EDWARD F. CUNNINGHAM, *Respondent.*[1]

PHYSICIANS AND SURGEONS—MALPRACTICE—EVIDENCE—SUFFICIENCY. In an action for malpractice in failing to properly diagnose a case and treating an injury to the sciatic nerve of a child as typhoid fever, a judgment of dismissal, notwithstanding a verdict for the plaintiff, is proper, where it appears from all the evidence that there was no injury to the sciatic nerve but that the child was suffering from infantile paralysis, which was incurable, that the treatment for typhoid fever did not contribute to the present condition of the child, and that the defendant, as a man of ordinary skill in the medical profession, could at first have diagnosed the case as typhoid fever, multiple neuritis, or infantile paralysis.

TRIAL—PROVINCE OF COURT AND JURY—DIRECTING VERDICT. Where there is no evidence upon which the jury could rest a verdict, and there is nothing to submit to the jury, it is the duty of the court to so hold.

Appeal from a judgment of the superior court for King county, Gay, J., entered March 20, 1911, in favor of the defendant, notwithstanding the verdict of a jury in favor of the plaintiff, in an action for malpractice. Affirmed.

*Jay C. Allen,* for appellant.

*Kerr & McCord* and *J. N. Hamill,* for respondent.

MORRIS, J.—Appeal from an order granting judgment *non obstante veredicto.* Respondent is a physician, and the

[1]Reported in 124 Pac. 131.

action was one for malpractice in the treatment of the minor plaintiff, a little girl seven years of age at the time complained of. It is the contention of appellant that the little girl is suffering from an injury to the sciatic nerve, resulting in permanent paralysis of her right hip and leg, due to a fall from a porch, and that the respondent improperly and negligently failed to apply the proper treatment, treating the case as typhoid fever instead of making an examination of the injured parts, ascertaining the true condition, and relieving the pressure on the nerve by an operation. Respondent contends that the child is, and from the beginning has been, afflicted with infantile paralysis, for which there is no known cure.

The history of the case shows that the child fell from the porch Thursday evening, and complained of pain in her hip and leg, which her mother sought to alleviate by applying liniment, which seemed to relieve the pain. Friday and Saturday, the child played around as usual, making no complaint, and was apparently fully recovered from the fall. Sunday morning she was still apparently well, and went to Sunday school, from which she returned complaining of pain. When asked to locate the pain she replied: "I have hurts all around me." She was put to bed and her mother treated her all day with hot cloths wrung out in turpentine. In the evening, respondent was called in, and at first diagnosed the case as appendicitis and advised an operation. This was objected to by the family, and Monday afternoon another physician was called in consultation with respondent. It was then decided that no operation was necessary, and that the trouble was typhoid fever, for which she was treated for about twenty-one days. During respondent's visits, when his attention was called to the cold and swollen condition of the hip and leg, he gave it as his opinion that the condition would pass away with the fever, and that nature should be left to take its course. Appellant's theory of negligence depends upon the testimony of several physicians who were

called as experts, to whom a number of hypothetical questions were propounded, tending to sustain the contention that the child was suffering from an injury to the sciatic nerve caused by the fall on Thursday night. These questions, however, did not include the condition of the child on Friday and Saturday, when she was playing around as usual and making no complaint. Each of these physicians, when interrogated by questions including the condition on Friday and Saturday, replied that the history of the case during those two days would exclude any injury to the sciatic nerve, and that the child could not have gone from Friday morning until her return from Sunday school on Sunday morning without complaint in case of an injury to the sciatic nerve, or even a partial dislocation of the injured parts. It is apparent, therefore, from the testimony, which was evidently the reason why the court below granted its judgment, that there is no evidence in the case to substantiate appellant's theory of an injury to the sciatic nerve on Thursday night, since all the testimony, that on the part of appellant as well as that for respondent, excludes this theory, taking into consideration the history of the case from Thursday night to Sunday when respondent was placed in charge.

It needs no argument to show there could be no recovery against respondent unless, as a medical man of ordinary skill, he should have correctly diagnosed the case an an injury to the sciatic nerve and was negligent in his treatment. If, then, there is no evidence that there was such an injury, when all the facts upon which the diagnosis must be predicated are included, but rather the evidence without exception excludes such an injury, there was nothing to submit to the jury. If respondent could be held liable because he did not make a proper diagnosis of the case on his now theory that the child was suffering from infantile paralysis, then the court was in error. But in an action for malpractice, a physician cannot be held for an error in judgment as to the disease his patient is suffering from, since all that any physician

can give to any case is his best judgment; and if he exercise that judgment as a man of ordinary skill would exercise it, there can be no recovery. The testimony of the physicians called by appellant is to the effect that the symptoms present in this case from Thursday night to Sunday morning might be diagnosed by men of ordinary skill in the medical profession as typhoid fever, multiple neuritis, or infantile paralysis, and that the treatment given by respondent in no way contributed to the present condition of the child. There is, therefore, no evidence in the case that the treatment by respondent was negligent or unskillful. The most that can be said is that he did not discover the infantile paralysis. From the evidence, he could not have cured it if he had. It cannot, therefore, be said that his failure to discover its presence or his subsequent treatment is responsible for the child's present condition.

Appellant strenuously insists the question, being one of fact, was for the jury. Because the issue was one of fact, does not mean the jury are the sole judges of that issue. There must first be a fact in evidence upon which they can rest a verdict. Until that fact appears, there is nothing to submit to the jury, and when the court is impressed with the fact that there is no fact upon which the verdict can rest, it is its duty to so hold. Before there could be any such fact in this case, it must appear that the respondent was negligent in his treatment of the case, and that his negligence caused or contributed to the disease from which the child now suffers. The law on all points we have discussed is so well established no citation of authority is necessary to support it.

The judgment is affirmed.

DUNBAR, C. J., FULLERTON, MOUNT, and ELLIS, JJ., concur.