[No. 20285. Department One. May 6, 1927.]

WAYNE E. COREY, *Respondent*, v. I. M. RADABAUGH *et al., Appellants.*[1]

[1] PHYSICIANS AND SURGEONS (10½)—MALPRACTICE—ACTIONS—EVIDENCE—ADMISSIBILITY. In an action for malpractice, a complaint, describing a condition of the eye following ulcer of the cornea, that meets the definition of the name given at the trial, is sufficient to admit the proof, although that technical name was not used in the pleading.

[2] SAME (12)—ACTIONS FOR MALPRACTICE—INSTRUCTIONS. In an action against a drugless healer for malpractice, it is reversible error in the instructions to caution the jury against "experiments" in defendant's treatment of a patient, and, in stating the rule as to the standard of care and skill exercised by others, to add the qualification "having regard to the advanced state of practice" at the time, where there was no need for, and no contention or proof to warrant, either of such expressions.

[3] SAME (8-1)—DEGREE OF SKILL OR CARE REQUIRED. In an action for malpractice against a drugless healer, expert evidence as to the standard of care and skill required should come from those reasonably skilled, practicing in the same neighborhood and in the same line of practice.

Appeal from a judgment of the superior court for Spokane county, Carey, J., entered March 13, 1926, upon the verdict of a jury rendered in favor of the plaintiff, in an action for malpractice. Reversed.

*E. Ben Johnson,* for appellants.

*Turner, Nuzum & Nuzum* and *Edward M. Connelly,* for respondent.

[1]Reported in 255 Pac. 1037.

MITCHELL, J.—This is a malpractice case. The complaint alleges that the defendant I. M. Radabaugh negligently treated the plaintiff for ulcer of the cornea of the right eye. There was a verdict for the plaintiff. The defendants have appealed from a judgment on the verdict.

I. M. Radabaugh, who will be spoken of as the appellant, was, at the time of his treatment of the respondent, engaged in practicing the system of healing known as drugless therapeutics. He held a license from the state for that purpose.

[1] Numerous assignments of error have been made which we think may be disposed of more generally. First, it is claimed that the respondent was permitted in his proof to go beyond the terms of the complaint as to the malady or disease claimed to have been negligently treated. But it appears that the allegations of the complaint are broad enough for such proof. In this respect they describe a condition of the eye flowing from or following the original and admitted trouble of ulcer of the cornea that meets the definition of the name given to it at the trial, although that technical name is not used in the pleading.

[2] One of the principal contentions, if not the chief one in the case, is that there was error in the instructions and in the scope of questions asked a witness who was a physician and surgeon of the regular or old line school. This assignment we think must be sustained. The appellant was also a licensed optometrist, and while that word is frequently used in the case, it has no controlling or material effect and may be treated as surplusage. In the instructions to the jury, the court said:

"Ordinary diligence and skill, or a reasonable degree of skill and care, means and requires that the optome-

trist or drugless healer will bring to the treatment of the patient he is employed to treat, such a degree of reasonable care and skill as is possessed and exercised by optometrist or drugless healers in good standing, practicing in the same general locality in the same line of practice, *having due regard to the advanced state of practice in such line of science at the time.' Such optometrist or drugless healer must not experiment in his treatment of such a patient.'* "

We have italicized the objectionable language. There was no need whatever of speaking of, nor cautioning the jury, with reference to experiments in treating the patient because there was no contention or proof that any such thing had been done or attempted. But another objectionable thing in the instruction is that in speaking of the standard of care and skill to be exercised, namely, that possessed and exercised by drugless healers in good standing practicing in the same general locality in the same line of practice the court added these words: "Having due regard to the advanced state of practice in such line of science at the time." There was in this case no evidence of any advanced state of practice of this kind, and under such circumstances the instruction was wrong. A like instruction, for the reason we have just stated, was condemned in *Ennis v. Banks,* 95 Wash. 513, 164 Pac. 58.

The rule in this state is well stated in the case of. *Howatt v. Cartwright,* 128 Wash. 343, 222 Pac. 496, as follows:

"And that he is not responsive in damages in a malpractice suit, if the treatment which he employs is that which is recognized and approved by those reasonably skilled in his profession, practicing in the same neighborhood and in the same line of practice, and if he administers that treatment with a degree of skill and diligence as such practitioners ordinarily exercise in like cases. *Sawdey v. Spokane Falls & Northern R.*

*Co.,* 30 Wash. 349, 70 Pac. 972, 94 Am. St. 880; *Wells v. Ferry-Baker Lumber Co.,* 57 Wash. 658, 107 Pac. 869, 29 L. R. A. (N. S.) 426; *Brydges v. Cunningham,* 69 Wash. 8, 124 Pac. 131; *Wharton v. Warner,* 75 Wash. 470, 135 Pac. 235; *Lorenz v. Booth,* 84 Wash. 550, 147 Pac. 31; *Dahl v. Wagner,* 87 Wash. 492, 151 Pac. 1079; *Dishman v. Northern Pac. Beneficial Association,* 96 Wash. 182, 164 Pac. 943; *Swanson v. Hood,* 99 Wash. 506, 170 Pac. 135.''

The rule was reaffirmed in the case of *Kemp v. Mc-Gillivray,* 129 Wash. 592, 225 Pac. 631.

[3] There are certain things that physicians of another school, such as the allopathic, may testify to in a malpractice case against a drugless healer. This subject is discussed somewhat in the case of *Wilcox v. Carroll,* 127 Wash. 1, 219 Pac. 34, but the test or standard that ultimately controls is that stated in the *Howatt v. Cartwright* case. Those reasonably skilled practicing in the same neighborhood and in the same line of practice are the ones from whom the proof should come.

It is also contended that certain requested instructions were erroneously refused. Upon examination of those given we find that the subject-matter of those refused was substantially covered by the instructions that were given.

Lastly, it is urged that the evidence was insufficient to take the case to the jury. We are inclined upon consideration of all the evidence that the case was one for the jury, even without considering that testimony on behalf of the respondent, which we think went beyond the rule applicable in such cases as hereinabove discussed.

Reversed, and remanded with directions to grant a new trial.

MACKINTOSH, C. J., FULLERTON, FRENCH, and MAIN, JJ., concur.