[No. 20876.   Department One.   April 4, 1928.]

EDNA E. PACKARD, *as Administratrix, Respondent,* v.
L. J. COBERLY *et al., Appellants.*[1]

[1] PHYSICIANS AND SURGEONS (11)—MALPRACTICE—ACTION—QUES-
TION FOR JURY.  In an action for malpractice, where the physi-
cian gave testimony showing proper practice in treatment of
fistula, and there was testimony of other witnesses tending to
contradict the physician, a question for the jury was pre-
sented.

[2] PHYSICIANS AND SURGEONS (8-1, 10½) — SKILL AND CARE RE-
QUIRED—EVIDENCE—ADMISSIBILITY.  In an action for malpractice
in treatment of fistula by physio-therapy method, the admission
of evidence that the doctor used a different style of electrode
than the kind testified to by him is admissible.

[3] WITNESSES (56)—PRIVILEGED COMMUNICATIONS—WAIVER.  In an
action for malpractice, the fact that another physician had
treated deceased for the same trouble, drawn from plaintiff on
cross-examination in an action for malpractice, was not such a
voluntary opening of the door as to constitute a waiver of the
examination of such physician.

Appeal from a judgment of the superior court for
Lewis county, Reynolds, J., entered April 4, 1927, upon
the verdict of a jury rendered in favor of the plaintiff,
in an action for malpractice.   Affirmed.

*Bates & Peterson* and *C. A. Studebaker,* for appel-
lants.

*Forney & Ponder* and *C. D. Cunningham,* for re-
spondent.

TOLMAN, J.—This is an action seeking the recovery
of damages for alleged negligent, careless and im-
proper medical treatment, resulting in the death of the
patient.  The case was tried to a jury, which returned
a verdict in favor of the plaintiff in the sum of $7,-

[1]Reported in 265 Pac. 1082.

498.50, and from a judgment on the verdict, the defendants have appealed.

The principal errors assigned and those most strenuously argued go to the sufficiency of the evidence. Numerous other errors are assigned on the admission of evidence and the giving and refusing of instructions.

[1] (1) The evidence discloses that on June 16, 1926, the deceased went to the office of Dr. Coberly for a treatment of a fistula by what is known as the physiotherapy method. Both sides recognize that this method was a proper one to be used in treating the ailment with which the deceased was then suffering.

At the time this treatment was given, no one was present except the patient, the doctor, and the witness Grant Packard, who was the father of the patient. The doctor was called as an adverse witness by respondent, and produced the machine and other appliances which he claimed to have used in giving the treatment. He testified to what he claimed he then did in operating the machine and administering the treatment. Medical experts testified later to the effect that the treatment given, as described by the doctor, was proper and skillful. The witness Packard testified to a number of things done or omitted, which were more or less inconsistent with the testimony of the doctor. The theory of the respondent was that the doctor, instead of applying the treatment solely to the fistular cavity or opening, had applied it to the rectum, thereby causing burns and injuries which developed into peritonitis and resulted in death. It is true, the witness Packard did not positively testify that the doctor placed the electrode in the rectum, but he testified to a number of things which were consistent with such a fact, and his testimony, together with the evidence of other witnesses, notably that of Dr. Barr,

brought before the jury a state of facts from which they might draw the inference, notwithstanding his testimony to the contrary, that the doctor did apply the treatment to the rectum instead of to the fistular opening only.

In other words, the vital contested point was, what treatment was given? Experts agreed that the treatment as contended for by respondent was improper and unskillful and might cause the results charged; and that the treatment as contended for by the appellants was proper and skillful and would not produce such results. The vital fact as to what treatment was given might be proved by any witness, or any number of witnesses, who knew any fact bearing upon the point, as it is not a question to be solved by the testimony of medical experts alone. Upon this question, the doctor who gave the treatment stands before the jury like any other witness testifying to a fact, and they may weigh his testimony in the light of all of the other facts and circumstances shown in the case, and accord it such weight as they believe it warrants. We are, therefore, convinced that the evidence was sufficient to take the case to the jury.

[2] (2) Error is predicated upon the ruling which permitted the respondent, in examining Dr. Coberly adversely, to go into the question of the existence, size and shape of electrodes such as the witness Packard testified was used; and in refusing, on cross-examination, to permit Dr. Coberly to testify to the conclusion or opinion that the physio-therapy treatment was the standard treatment for fistula.

We see no error in either respect. While the doctor had testified that he had used a certain electrode, respondent was not bound by that testimony and might properly bring out the fact of the existence of such an electrode as she claimed was used, in corroboration

of her other witnesses. The physio-therapy treatment was admittedly standard and proper; and if the cross-examination was directed to that point alone, as the record would seem to indicate, the testimony was immaterial. If it was sought by the question to have the doctor say that the treatment he gave was standard, it was not proper cross-examination, as respondent on direct examination had not gone into that subject. In any event, the sustaining of the objection was not prejudicial, as the doctor in his defense had ample opportunity to go into that question, of which he availed himself.

[3] On cross-examination of the respondent, it was brought out that the deceased had been treated for the same trouble during the preceding fall by another doctor, and during the presentation of their defense appellants called the other doctor and attempted to examine him as a witness. An objection was interposed on the ground that anything the witness had learned was privileged and confidential, and the objection was sustained. Probably the witness should have been permitted to answer the particular preliminary question to which the objection was interposed, but appellants already had a complete answer to that question, elicited from the respondent by cross-examination, by which she was bound; and so appellants were not prejudiced by the ruling out of the preliminary question, or if the answer was expected to differ from respondent's testimony, then there should have been an offer of proof, calling attention to the purpose. The objection, though premature, was intended, no doubt, to go to the entire subject of the patient's then condition and the like, and the trial court so treated it in his ruling. Whether the privilege be one that can only be waived by the patient, or whether when, as here, the patient having died, his

personal representative may waive it, we need not now inquire. The fact of the prior treatment was drawn from the respondent on cross-examination and was not therefore a voluntary opening of the door. *Ross v. Great Northern R. Co.,* 101 Minn. 122, 111 N. W. 951. No doubt the privilege may be waived, but the waiver should be distinct and unequivocal. *Tate v. Tate,* 75 Va. 522. See, also, *Epstein v. Pennsylvania R. Co.,* 250 Mo. 1, 156 S. W. 699, 48 L. R. A. (N. S.) 394, and the copious notes following.

Other assignments based upon rulings as to the admissibility of evidence do not warrant detailed discussion. We find no prejudicial error in any.

(3) The objections urged to the instructions given are rather lacking in real substance, and the answers to the criticisms offered are so obvious that we feel it unnecessary to take space to discuss them in detail. Likewise as to the requested instructions refused. So far as they state the law, they were sufficiently covered by other instructions given.

We are satisfied, after a careful examination, that the jury was fully and fairly instructed, and, finding no reversible error, the judgment appealed from is affirmed.

MACKINTOSH, C. J., PARKER, MITCHELL, and FRENCH, JJ., concur.