[No. 23760. Department One. May 25, 1932.]

W. H. HALL, as *Administrator, Appellant*, v. H. W. PARTLOW, *Respondent*.[1]

*O. M. Nelson* and *R. H. Fry*, for appellant.
*Ellis & Evans* and *Thos. L. O'Leary*, for respondent.

MITCHELL, J.—This action was brought by W. H. Hall, as administrator of the estate of his deceased

[1]Reported in 11 P. (2d) 819.

wife, Esther E. Hall, to recover damages for alleged malpractice of the defendant, a physician and surgeon, resulting, as alleged, in the death of Mrs. Hall. At the conclusion of the testimony, the trial court sustained a challenge to the sufficiency of the evidence to warrant any recovery in favor of the plaintiff, and entered a judgment dismissing the action. The plaintiff has appealed.

The first and principal assignment of error is the granting of the motion to take the case from the jury. There was a former trial of the case, after which the complaint was amended in important particulars, and whatever may have been the charges and contentions under the original complaint, it appears that, in this trial and on the appeal, the appellant, referring to *Just v. Littlefield,* 87 Wash. 299, 151 Pac. 780, Ann. Cas. 1917D 705; *Wilcox v. Carroll,* 127 Wash. 1, 219 Pac. 34; and *Packard v. Coberly,* 147 Wash. 345, 265 Pac. 1082, invokes and relies on the rule, as stated in his brief:

"A physician is liable, as a matter of law, for a wrong diagnosis followed by an improper treatment to the injury of the patient."

Mrs. Hall was examined and treated by the respondent in his office in Olympia, on May 9. She called again at his office on May 14 and May 24, for consultations. The respondent did not see her nor have a call from her thereafter. On May 27, at her home in Grays Harbor county, she called in another doctor, who cared for her professionally until June 5, the day before she died, that doctor having called in a third one for consultation a few days before Mrs. Hall's death. There is no evidence that she complained to any one of suffering in any manner on account of her condition between the dates of her first and last visits to respondent's office, nor is it claimed, as we understand, that

the respondent treated her on either of her two last visits.

An extended review of the evidence would not be profitable, nor is it necessary. There was testimony that, a few days prior to the time of her first visit to the respondent's office, another physician told her he thought she was in a condition other and different from that for which the respondent treated her, but there was no proof whatever that respondent was made aware of any such advice, nor is there any proof at all that Mrs. Hall was not actually suffering from the disease for which she was treated by the respondent upon his diagnosis.

Appellant cites the case of *Rae v. Nelson,* 152 Wash. 10, 277 Pac. 75, in which, upon a verdict, judgment for the plaintiff was affirmed. It involved facts requiring the case to go to a jury. The plaintiff contended that the doctor, in lancing a carbuncle, severed an artery and negligently failed to tie it, by reason of which the patient lost much blood, indirectly causing death. The defendants, consisting of the doctor and the clinic of which he was a member, denied all negligence on the part of the doctor, and denied that he cut any artery at the time he lanced the carbuncle. In deciding the case, the court said:

"The question here is not as to whether defendant Nelson lanced the carbuncle skillfully, but is as to whether or not, in so doing, he severed a small artery and neglected to tie the ends thereof so as to prevent excessive bleeding. It is not contended that the doctor was guilty of negligence in severing the artery, but only in not tying the ends after the same had been severed."

That question of fact was one for determination by the jury.

Whether in a given case an arm should be cut off, involves professional judgment, but upon performing

even a skillful amputation of the arm, the question of whether the surgeon neglected to tie an artery that was severed, is a question of fact which, upon conflicting evidence, must be left to the jury.

*McCormick v. Jones,* 152 Wash. 508, 278 Pac. 181, 65 A. L. R. 1019, is cited by appellant. That was a case in which a sponge was inadvertently sewed up in a wound caused by an operation—a physical fact. The court said that all the witnesses on each side admitted that the leaving of the sponge in the wound was negligence. The judgment was reversed because of an erroneous instruction.

Appellant's next case is *Wharton v. Warner,* 75 Wash. 470, 135 Pac. 235, which was a case of leaving a metallic spring in the body of a patient in a surgical operation. Disputed questions of fact were involved which, according to the opinion, related to leaving the metallic spring in the body; failing to discover and remove it, the defendant surgeon being the operator; and that the instrument with which the surgeon performed the operation was not then used by surgeons possessing average training and skill in that locality. *Wynne v. Harvey,* 96 Wash. 379, 165 Pac. 67, was also a case of leaving a foreign substance in the body upon closing an incision made in a surgical operation. That, too, presented a plain question of fact.

The case of *Samuelson v. Taylor,* 160 Wash. 369, 295 Pac. 113, is relied on by appellant. That was a case primarily of mistaken identity of the patient, upon which, together with other facts in the case, there was a conflict in the evidence. Samuelson, the plaintiff, testified that, after he was examined by the doctor, he returned at an appointed hour for an operation for a particular eye trouble; and that, after the doctor had administered a treatment of the kind intended for another patient due at the doctor's office at the same

hour, under the doctor's mistaken belief that the plaintiff was the other patient, then the doctor, upon discovering his mistake, renewed his examination of Samuelson for his eye trouble; and that the improper operation, intended for the other patient, was neglected, causing the plaintiff great pain and suffering. The doctor denied the plaintiff's testimony in these respects, which, as the court said, presented questions of fact for the jury.

Other cases are cited by appellant, but they are of the same general kind, and do not require any analysis here. They present questions of fact, not resting in professional judgment, for determination by a jury.

In the present case, however, as already noticed, no one claims that the patient was not suffering as the respondent says she was, nor that the respondent ever stated to the contrary or represented a different diagnosis.

As to the treatment, two reputable experienced physicians and surgeons, having many years of practice in Olympia in the same line of medical and surgical practice as the respondent, upon hearing respondent's testimony as he gave it at the trial concerning his diagnosis and treatment of the case, testified that the treatment was proper, and recognized and approved as such by those reasonably skilled in practice in such cases in the community. No physician in the county testified to the contrary. Upon this subject, there is no question about the applicable rule in this state; it is given in *Howatt v. Cartwright,* 128 Wash. 343, 222 Pac. 496, as follows:

"We recognize the rule laid down so often that a surgeon is not liable merely because of a bad result. *Peterson v. Wells,* 41 Wash. 693, 84 Pac. 608. And that he is not responsive in damages in a malpractice suit, if the treatment which he employs is that which is recognized and approved by those reasonably skilled

in his profession, practicing in the same neighborhood and in the same line of practice, and if he administers that treatment with a degree of skill and diligence as such practitioners ordinarily exercise in like cases. *Sawdey v. Spokane Falls & Northern R. Co.*, 30 Wash. 349, 70 Pac. 972, 94 Am. St. 880; *Wells v. Ferry-Baker Lumber Co.*, 57 Wash. 658, 107 Pac. 869, 29 L. R. A. (N. S.) 426; *Brydges v. Cunningham*, 69 Wash. 8, 124 Pac. 131; *Wharton v. Warner*, 75 Wash. 470, 135 Pac. 235; *Lorenz v. Booth*, 84 Wash. 550, 147 Pac. 31; *Dahl v. Wagner*, 87 Wash. 492, 151 Pac. 1079; *Dishman v. Northern Pac. Beneficial Association*, 96 Wash. 182, 164 Pac. 943; *Swanson v. Hood*, 99 Wash. 506, 170 Pac. 135.

"We also recognize that it is not a question of fact for the jury, but the court will determine that there is nothing upon which the jury may pass where reputable physicians and surgeons of equal skill and learning disagree in their opinion as to what the proper treatment should have been, and that the jury will not be allowed to accept one theory to the exclusion of the other. It is enough if the treatment actually employed had the approval of at least a respectable minority of the medical profession and is recognized by such as a proper method. *Sawdey v. Spokane Falls & Northern R. Co.; Wells v. Ferry-Baker Lumber Co.; Wharton v. Warner; Lorenz v. Booth;* and *Dahl v. Wagner, supra.*"

The rule and language of that case were reaffirmed and repeated in *Brant v. Sweet Clinic*, 167 Wash. 166, 8 P. (2d) 972.

The second assignment of error arises upon the refusal of the court to allow in evidence certain portions of the testimony of Dr. Barry, given at the former trial of the case. It was offered under the provisions of Rem. Comp. Stat., § 1247, the witness being unable to appear at this trial.

The evidence not allowed, or stricken, cannot be well discussed without setting out much more testimony with which it was connected, and also much of the com-

plaint upon which the former trial was had, and of the amended one upon which this trial was had. We do not find in the record the complaint upon which appellant claims the first trial was had, but assuming its contents are as appellant contends, it is clear there are differences in the allegations of the two complaints. The rulings of the trial court involved in this assignment were upon the grounds that the rejected testimony was not applicable to the issues made by the amended complaint, and upon examination, we are of the same opinion. Besides, it appears that, whether objected to or not by the respondent, the evidence referred to was immaterial, in our view of the law applicable to the merits of the case.

The third assignment is that the court erred in sustaining an objection to a certain question asked the respondent on behalf of the appellant. But the trial court correctly stated, in our opinion, that the question proceeded upon an assumption or hypothesis not justified by any evidence in the case.

Judgment affirmed.

MAIN, BEALS, HERMAN, and MILLARD, JJ., concur.