[No. 13787.  Department Two.  May 18, 1917.]

FRED J. WYNNE et al., *Respondents*, v. L. B. HARVEY et al.,
*Appellants*.[1]

PHYSICIANS AND SURGEONS—MALPRACTICE—LIABILITY OF ASSISTANT
—EVIDENCE—SUFFICIENCY.  The evidence is insufficient to establish
the negligence of an assistant physician in failing to remove a
sponge from an incision during an operation, where he was not di-
rected to keep track of the sponges and the only evidence that he
had anything to do with them was the testimony of a witness that
he had mopped with a sponge, immediately afterwards modified by
the statement of the witness that he did not remember whether he
had done any mopping or not.

SAME—MALPRACTICE—NEGLIGENCE—QUESTION FOR JURY.  In an ac-
tion against a physician for negligence in using silk thread in tying
off arteries, the question is for the jury, and there is no material
variance, where it appears that No. 12 silk thread was discharged
from the wound, and the defendant claimed that silk thread was
properly used to suture a ruptured intestine, but, according to ex-
perts, No. 12 was too large for any purpose.

SAME—NEGLIGENCE—EVIDENCE—COMPETENCY—QUESTION FOR JURY.
In an action for malpractice, a patient who is a layman is compe-
tent to testify as to such commonplace conditions and effects as the
time of the changing of dressings, the presence of pus, sterilization
of drainage tubes, etc., concerning which a layman is possessed of
common knowledge, and which are questions of fact, making the
question of negligence one for the jury.

SAME—NEGLIGENCE—FAILURE TO REMOVE SPONGE — EVIDENCE—SUF-
FICIENCY.  Negligence of a physician in failing to remove a sponge
from an incision is not excused, as a matter of law, because the
patient was failing and it was necessary to sew up the wound with-
out delay to save life, where there was no evidence that the sponges
were counted, and defendant testified that he would have removed
it if he had known that there was another sponge in the incision.

SAME.  The failure of a physician to remove a sponge from an
incision is sufficiently shown to have been the proximate cause of
the plaintiff's condition following an operation, where there was
proof that the sponge was saturated with pus at the time it was
removed, that its presence would cause infective bacteria and a de-
posit of pus preventing healing and carrying infection, and that
plaintiff's condition improved upon the removal of the sponge.

[1]Reported in 165 Pac. 67.

Appeals from a judgment of the superior court for Stevens county, Frater, J., entered May 19, 1916, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for malpractice. Reversed as to appellant Clark; affirmed as to appellant Harvey.

*L. C. Jesseph*, for appellant Harvey.

*Graves, Kizer & Graves*, for appellant Clark.

*Davis & Heil* and *L. B. Donley*, for respondents.

HOLCOMB, J.—On March 11, 1914, respondents, Fred J. Wynne and Margaret Wynne, his wife, commenced this action against appellants, Harvey and Clark, and one Martha L. Cousins, a nurse, to recover damages for malpractice. For convenience, Margaret Wynne alone will hereafter be referred to as respondent.

The record shows that, for some time prior to May 8, 1913, Margaret Wynne had been suffering from an enlarged uterus, and, her condition growing steadily worse, after consulting with several physicians, it was decided that an operation was necessary. On the above mentioned date, she was operated upon by appellant Harvey as operator in chief, with the assistance of appellant Clark and two nurses, one of whom was the defendant Cousins. After the incision had been made, it was discovered that her condition was very serious, and a large mass of pus was found in the ovarian tube. Because of these serious complications and the weakened condition of the patient, appellant Harvey deemed it necessary for the safety of the patient to bring the operation to an end as speedily as possible, and drainage tubes were inserted to draw off the pus, and the wound was immediately sewed up. Appellant Harvey continued to treat respondent for a period of six weeks thereafter. The operation did not seem to be very successful, as the wound refused to heal and a fistula was formed which discharged impure matter, including a silk thread which had evidently been used in the operation of May 8.

Thereupon respondent Fred J. Wynne, becoming dissatisfied, discharged appellant Harvey and employed appellant Clark. Shortly afterwards Clark, with the aid of a local anaesthetic, made a small incision in the abdominal wall below the first incision for the purpose of securing better drainage; and because the original wound gave Mrs. Wynne great trouble and refused to heal, a third operation was performed by appellant Clark on August 18, 1913, to discover the reason therefor. Next to the inside of the abdominal wall there was found a small mop sponge which had been overlooked in the operation performed by appellant Harvey on May 8. Other evidence will be discussed when considering the different assignments of error to which it relates. After a trial on the merits, a motion for nonsuit was granted as to Martha Cousins, but a verdict for $5,000 was entered against Harvey and Clark, who now prosecute separate appeals.

In the complaint it is alleged that appellants were negligent, (1) in using silk thread instead of catgut in tying up the ends of arteries; (2) in the manner of treating and caring for the wound subsequent to the first operation; (3) in failing to remove the sponge from the wound.

Since the lower court held that there was no evidence to show that appellant Clark was guilty of the first two grounds of negligence alleged and so instructed the jury, in disposing of his appeal it is necessary to determine only if he was legally guilty of negligence because the sponge was left in the wound. Appellant Harvey had been treating respondent for some time prior to the first operation, but on account of the seriousness of the operation, it was decided that Harvey should have an assistant, and appellant Clark was employed by respondent Fred J. Wynne in that capacity. In cases of this kind the rule is well stated in *Morey v. Thybo*, 199 Fed. 760, 42 L. R. A. (N. S.) 785, wherein it is said, concerning the liability of two physicians independently engaged:

"Each, in serving with the other, is rightly held answerable for his own conduct, and as well for all wrongful acts or

omissions of the other, . . . which in the exercise of reasonable diligence under the circumstances he should have observed."

Appellant Clark having had nothing to do with the sponges or mopping with them on the inside of the incision, as is shown by all the evidence, except the testimony of appellant Harvey that Clark mopped with a sponge down into the back of the abdomen to the uterus, immediately afterwards modified by his statement that he did not remember whether Clark did any mopping or not, it is obvious that Clark would not be liable for this negligence because of any wrongful act of his own. Clark's activities were confined mainly to the outside of the wound, and since the duties of an assistant are to do as directed by the chief operator, and there was no showing that he was either directed to keep track of the sponges or that it was made his duty by custom to do so, it is apparent that, in the exercise of reasonable diligence under the circumstances, no duty devolved upon Clark to discover that the sponge was not removed, the omission of which would render him liable in an action for damages. The nonsuit should have been ordered as to him.

In considering Harvey's appeal, we find that the complaint alleged negligence in the use of silk thread instead of catgut in tying off the arteries, and the only evidence to sustain this allegation was that a piece of silk thread was discharged through the fistula which formed in respondent's body. Counsel for appellant Harvey moved the court to withdraw this issue from the jury's consideration on the ground that there was no evidence to support the same, and now assign as error the action of the trial court in overruling such motion. Impliedly admitting that it was improper to use silk in tying off arteries, and to explain its presence, appellant Harvey claims that it was used in suturing a ruptured intestine, and produced evidence to show that, in so doing, silk was the proper and better material to use. While there was no direct evidence to show that silk was negligently used in tying off

arteries, there was evidence to show that silk was negligently used, as the thread discharged through the fistula was No. 12 which, according to the testimony of the experts, was far too large for use in suturing a ruptured intestine, the majority of the experts being of the opinion that, in no event, should silk thread of larger size than No. 3 or No. 4 be used for this purpose. Precisely what use was made of the silk thread and where was manifestly unknown to respondent save by results. The exact place and manner of use were known to appellant Harvey, who used it, and he was chargeable with reasonable care, skill, and knowledge in its use. We do not consider this evidence a material variance from the allegations of the complaint, and there was, therefore, sufficient evidence to submit this issue to the jury's consideration.

It is also contended by appellant Harvey that there was no evidence to sustain the allegation charging him with negligence in his treatment of respondent subsequent to the first operation, and that this issue should not have been submitted to the jury. In reviewing the evidence, we find respondent testified, that the dressings were sometimes changed by appellant Harvey and sometimes by a nurse named Miss Cousins; that a great many times Harvey was asked over the telephone to come to the hospital to attend to respondent, and that some of the times requested he would not come; that when no one was there except Miss Haynes, another attendant, the dressings were not changed at all, because she was not a graduate nurse; that on some occasions the dressings were in so long that the pus would dry on them, and that the drainage tubes were not sterilized every time the dressings were changed but were simply wiped off. Appellant Harvey contends that, since respondent is a laywoman, she is not possessed of a sufficient degree of knowledge in the science of medicine and surgery to give competent testimony as to whether she received proper treatment after the first operation or not, and that the testimony above referred to is of no weight and has no legal standing as evidence. While this

may be true with respect to some of the more intricate problems incident to taking care of a patient convalescing from an operation, we do not think it applies to such commonplace conditions and effects as those testified to by respondent, and concerning which even a layman is possessed of knowledge sufficient to render his evidence on such a subject competent. The evidence was of conditions and obvious results therefrom, and was, therefore, evidence of facts, and not of conclusions or mere opinions. This issue was, therefore, properly submitted to the jury.

Finally, it is urged by appellant Harvey that, as a matter of law, he is not liable for failing to remove the sponge from the wound, and that, even though he is, respondent has failed to prove that the presence of the sponge in her abdomen was the proximate cause of the injuries complained of. Although it is admitted by appellant Harvey that the failure to remove any foreign substance from an incision is negligence *per se,* it is strenuously urged that there is an exception to this rule in this, that it is not negligence for a surgeon to leave a foreign substance in a wound when, in his professional judgment, further exploration for such foreign substance would endanger the safety of the patient. It is, therefore, claimed that the evidence showing that respondent was failing fast on the operating table, and that, in his judgment, it was necessary to sew up the wound at once in order to save her life, this case is brought within the exception. In *Davis v. Kerr,* 239 Pa. 351, 86 Atl. 1007, 46 L. R. A. (N. S.) 611, and *Van Skike v. Potter,* 53 Neb. 28, 73 N. W. 295, this exception is recognized, but in both these cases it was based on the ground that either the surgeon relied on the count of the sponges kept by the nurses, or that he knew the foreign substance still remained in the patient's body and, in his judgment, the patient's safety would be greatly endangered by any further exploration to discover and remove the same. There being no evidence in the record that the sponges were counted by the attending nurses, or that appellant Harvey knew there

was another sponge in the incision (he, in fact, testified that had he so known he might have removed it), the facts in this case do not bring it within the exception, conceding and approving, for the sake of argument, that such an exception exists. This, on principle, at present we doubt, but find it not necessary to decide.

Nor do we discover any merit in the claim that there is not sufficient evidence to prove that the injuries complained of were caused by the interned sponge. It is not surprising that the evidence on this question is not very clear and convincing, for at best it is largely a matter of opinion and conjecture. There was proof tending to show that the sponge, at the time of its removal, was saturated with pus; that the result of leaving a foreign body in the abdomen would be that the tissues, if weakened, would fall prey to infective bacteria, causing a deposit of pus; that the wound would not heal over a foreign septic body; that a sponge covered with pus is likely to carry infection to other parts of the body; that respondent Margaret Wynne's condition became better after the removal of the sponge, and that the wound would not heal with the sponge in the abdomen.

The judgment is therefore reversed, with instructions that the action be dismissed as to appellant Clark with costs to him. In so far as appellant Harvey is concerned the judgment is affirmed.

Ellis, C. J., Mount, Parker, and Fullerton, JJ., concur.