[No. 14357. Department Two. January 18, 1918.]

W. M. INGLIS, *Appellant*, v. A. G. MORTON, *Respondent.*[1]

PHYSICIANS AND SURGEONS—MALPRACTICE—NEGLIGENCE— EVIDENCE —SUFFICIENCY. In an action against a dentist for malpractice, negligence cannot be established by proof of a bad result from the work done, nor on the principle of *res ipsa loquitur*, which can have no application.

APPEAL—REVIEW—HARMLESS ERROR. In an action against a dentist for malpractice, a remark in taking the case from the jury, to the effect that the case had not been sustained by expert evidence cannot be assigned as prejudicial error, where the jury was properly instructed that there was no legal evidence of malpractice from either lay or expert witnesses to substantiate the case.

TRIAL—TAKING CASE FROM JURY. It is the duty of the court to take the case from the jury where there is no legal evidence on which the case can rest.

Appeal by plaintiff from a judgment of the superior court for Pierce county, Clifford, J., entered June 6, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action for malpractice. Affirmed.

*H. P. Burdick* and *P. L. Pendleton*, for appellant.

*Bates & Peterson*, for respondent.

MORRIS, J.—Appellant alleged in her complaint that she contracted with respondent to install gold crowns upon teeth, both in her upper and lower jaws, for $175; that, in accordance with her agreement, she paid respondent $75, the balance to be paid upon the completion of the work; that thereupon respondent entered upon the performance of the work, and that, without her knowledge and consent, and in violation of the agreement, he cut off "four of her teeth at the roots and attempted to construct bridge work thereon," but that the work was so unskillfully and negligently performed as to be of no value to the appellant. Learning these

[1]Reported in 169 Pac. 962.

facts prior to the completion of the work, she demanded of respondent that he complete his work in accordance with the contract and remedy the defects claimed to exist in the work already done or repay her the $75, all of which was refused. Then follow allegations of malpractice and a demand for judgment for general damages, together with the $75 as special damages. At the conclusion of appellant's case in chief, the lower court took the case away from the jury upon the question of malpractice, and submitted only the issue as to whether or not respondent refused to continue the work at appellant's demand, thus entitling her to the recovery of the $75 as special damage. The jury having so found and judgment being entered, the plaintiff appeals.

It is clear that appellant first submitted herself to respondent for the purpose of having gold crowns placed in her mouth; it is equally clear from appellant's own testimony that, after respondent had commenced his work, she consented to a change from gold crowns to what is known in the record as a "Richmond bridge," necessitating the grinding down of the teeth. There is no testimony in the record that this work was unskillfully or negligently performed, or that it, to any degree, contributed to the conditions complained of by appellant.

Accepting appellant's testimony as to the condition of her gums and teeth, the law is well settled that a bad result is of itself no evidence of negligence in actions of this character, neither can she predicate her recovery upon the rule of *res ipsa loquitur*, such rule having no application to a case like this. On these two propositions the law is clear. *McGraw v. Kerr*, 23 Colo. App. 163, 128 Pac. 870.

Appellant complains of a remark made by the trial judge in taking the malpractice feature of the case away from the jury, to the effect that no doctor or dentist had substantiated her theory of malpractice. It may be conceded that, in malpractice cases, the case is made by the nature of the testimony and not by the profession or calling of the wit-

nesses, as is said in *Wynne v. Harvey,* 96 Wash. 379, 165 Pac. 67. There are many conditions and effects relevant to a malpractice case "concerning which even a layman is possessed of knowledge sufficient to render his evidence on such a subject competent." There was in this case, however, no testimony from either lay or expert witnesses to the effect that the treatment of the respondent was unskillful or improper or that it was the proximate cause of any injury complained of by appellant. Conceding that appellant correctly testified as to the condition of her teeth, mouth and gums and that such evidence was sufficient to take her case to the jury if otherwise sufficiently supported within the issue, she also testified that she had called on a number of dentists for professional work, some not long before, some not long after, her engagement with respondent, all of whom, according to her testimony, worked on her teeth to her injury.

There was nothing in the evidence that would justify the jury in determining that respondent was responsible for the condition complained of. Irrespective of the court's remarks as to the absence of expert testimony, the ruling must be tested by the instruction given to the jury and whether or not this instruction finds support in the record. The instruction was:

"The court instructs you that the question of whether or not the defendant was guilty of malpractice in this case has been taken out of your consideration because of the lack of legal evidence to support that contention, and therefore your duty in this case is limited to determining whether or not the defendant refused without good reason to complete his contract according to the terms thereof."

Under the facts in issue between the parties, this instruction was correct. To have submitted the case to the jury on any other theory would have been undoubted error. The only evidence in the record falling within the instruction was the failure of respondent to complete his contract or to return to appellant the $75 paid by her. It is true, as con-

tended by appellant, that the assessment of damages is for the jury. It is likewise true that it is the duty of the court to take the case away from the jury when there is no evidence upon which such a determination can legally rest. Verdicts cannot rest upon speculation or conjecture, but there must be some substantial fact, however controverted it may be, upon which the jury can rightly base an estimate of the damage suffered. Where there is no fact, as in this case, there is nothing to assess.

Finding no error, the judgment is affirmed.

ELLIS, C. J., MOUNT, HOLCOMB, and CHADWICK, JJ., concur.