CLARENCE H. CHRISTENSEN v. H. J. THORNBY.[1]

June 22, 1934.

No. 29,856.

P. A. Wells, for appellant.
James A. Garrity, for respondent.

LORING, Justice.

Plaintiff has appealed from an order sustaining a demurrer to his complaint, which is based upon the alleged failure of a sterilization operation performed upon the plaintiff by the defendant, a duly licensed physician and surgeon.

The complaint alleges that the plaintiff's wife had experienced great difficulty with the birth of her first child and had been advised that it would be dangerous to her life to bear another. Plaintiff asserts that he approached the defendant with this information and was advised by him that a sterilization operation upon the plaintiff, technically termed vasectomy, would protect his wife

[1]Reported in 255 N. W. 620.

against conception. and the consequent dangers of which she had been warned. August 1, 1931, the defendant performed the operation upon the plaintiff, and there is no allegation in the complaint that it was not skillfully performed and no claim is now made by the plaintiff that it was not so done. Plaintiff asserts that defendant advised him that the operation had been successful and guaranteed sterility. Plaintiff alleges that sometime following the operation and relying upon the defendant's advice and representations he resumed sexual relations with his wife, and, notwithstanding the operation, his wife became pregnant. He alleges that on that account he experienced great anxiety and was subjected to considerable expense both before and after the birth of the child which his wife in due course survived. The plaintiff bases his cause of action entirely upon the failure of the operation to fulfill the defendant's promise. He seeks a recovery of $5,000 from the defendant to compensate him for his anxiety and expenses.

The trial court sustained a demurrer on the ground that the contract and the performance of the operation were against public policy and that the law would leave the parties where they placed themselves. The defendant further contends that there was no consideration for any guaranty on the part of the defendant that the operation would effect the purpose sought and that because the plaintiff's wife survived the childbirth there was no damage.

It must be borne in mind that the complaint charges no lack of skill, malpractice, or negligence in any respect in the performance of the operation, but merely seeks to recover upon the ground that the operation did not achieve the purpose sought and the results promised.

■ The first question presented is whether a contract to perform such an operation under the circumstances here presented was against public policy and for that reason void. No authorities have been cited to us by either party, and .we have discovered none that are directly in point. *Messieurs* Justin Miller and Gordon Dean in their article on the civil and criminal liability of physicians for sterilization operations, which appeared in the American Bar Association Journal, Vol. 16 (1930), p. 158, say that they have not

been able to find a single reported case where a person who has consented to sterilization has brought suit against the surgeon. There is no statutory prohibition in this state against sterilization, and there is statutory authority under proper safeguards for such operations upon defectives. There is a statutory prohibition against performance of an abortion, but an exception is made where it is done to save human life. In the five or six states which by statute prohibit sterilization, an exception is made where medical necessity requires the operation.

We are not here confronted with the question of public policy as applied to sterilization where no medical necessity is involved. Aside from the statutes in the few states that have prohibited it, we find no judicial or legislative announcement of public policy against the practice of sterilization. Certainly, even in those states with the statutory prohibition, the exception of medical necessity would justify a physician in performing the operation here alleged. Plaintiff was married and presumably would remain married to his present wife, who had been competently advised of the danger of further pregnancy. The operation of sterilization upon a man is a simple one, accompanied by very slight hazard, whereas that upon a woman is more serious and requires a greater degree of skill on the part of the physician. It entails hospitalization. It is frequently performed upon women who habitually miscarry or abort. As far as progeny is concerned, the results to this married couple would be the same were effective sterilization performed upon either. Therefore, in our opinion it was entirely justifiable for them to take the simpler and less dangerous alternative and have the husband sterilized. Such an operation does not impair but frequently improves the health and vigor of the patient. Except for his inability to have children, he is in every respect as capable physically and mentally as before. It does not render the patient impotent or unable "to fight for the king" as was the case in mayhem or maiming. *Liability of Physicians for Sterilization Operations*, Am. Bar Assn. Jour. Vol. 16 (1930), p. 158. See Smith v. Wayne Probate Judge, 231 Mich. 409, 417, 204 N. W. 140, 142-143. We therefore hold that under the circumstances of this case the contract to per-

form sterilization was not void as against public policy, nor was the performance of the operation illegal on that account.

■ The plaintiff insists that his complaint is grounded upon deceit and relies upon Hedin v. Minneapolis M. & S. Institute, 62 Minn. 146, 64 N. W. 158, 35 L. R. A. 417, 54 A. S. R. 628; but we find no allegation of fraudulent intent on defendant's part or any of the elements of deceit. In such an action the plaintiff must allege and prove not only that the representation was false, but also that it was made with fraudulent intent. Hedin v. Minneapolis M. & S. Institute, 62 Minn. 146, 64 N. W. 158, 35 L. R. A. 417, 54 A. S. R. 628; Spead v. Tomlinson, 73 N. H. 46, 59 A. 376, 68 L. R. A. 432; Kenny v. Lockwood [1932] 1 Dom. L. R. 507, 525. In the Hedin case there was abundant evidence to support the jury in finding that defendant physician must have known that his promise of a cure could not be performed. The plaintiff in this action does not seek to recover for breach of contract; he alleges no malpractice. He alleges that the operation he contracted for was performed. It is a matter of common knowledge that such an operation properly done in due course effects sterilization. It is in common use in states which authorize sterilization of defectives. Any competent physician or surgeon must necessarily have given plaintiff advice to that effect.

The purpose of the operation was to save the wife from the hazards to her life which were incident to childbirth. It was not the alleged purpose to save the expense incident to pregnancy and delivery. The wife has survived. Instead of losing his wife, the plaintiff has been blessed with the fatherhood of another child. The expenses alleged are incident to the bearing of a child, and their avoidance is remote from the avowed purpose of the operation. As well might the plaintiff charge defendant with the cost of nurture and education of the child during its minority.

Affirmed.