FLORENCE N. WEST AND PAUL F. WEST, PLAINTIFFS-APPELLANTS, v. J. HARRIS UNDERWOOD AND UNDER-WOOD HOSPITAL ASSOCIATION, DEFENDANTS-RE-SPONDENTS.

Submitted October 17, 1944—Decided January 4, 1945.

For the appellants, *George H. Stanger* and *Lynwood Lord*.

For the respondent, *Walter R. Carroll* and *Horace G. Brown*.

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. The action was instituted to recover for personal injuries sustained by the plaintiff-appellant Florence N. West, as the result of the alleged negligence of the defendants-respondents, J. Harris Underwood, and Underwood Hospital Association, as well as for consequential damages of her husband, Paul F. West. A voluntary nonsuit was taken as to the defendant-respondent Underwood Hospital Association and the action proceeded against Dr. Underwood, only.

As the result of the birth of a child in 1936 by a Caesarian section, Mrs. West suffered an abdominal or incision rupture and a toxic condition. In 1940 she again became pregnant and consulted Dr. Underwood and it was decided that another Caesarian operation should be performed and in addition and at the same time the rupture in the abdomen should be remedied and that the fallopian tubes should be tied and clipped.

On July 21st, 1941, the Caesarian operation was performed, a child was delivered, and the abdominal rupture mended but the fallopian tubes were not tied and clipped and a second operation was necessary and performed for that purpose. After this second operation abscesses formed over the incision and still later, after complaints of deep seated pains in the left side, another physician, by a vaginal examination, discovered a mass or abscess on the left side of the pelvis.

After a third operation this pelvic condition was removed and remedied.

At the close of the plaintiffs' case a judgment of nonsuit was directed against them and this forms the basis of the only ground of appeal.

The duty owing by a physician or surgeon to his patient is definitely settled. *Ely* v. *Wilbur*, 49 *N. J. L.* 685; *Smith* v. *Corrigan*, 100 *Id.* 267; *Lolli* v. *Gray*, 101 *Id.* 337; *Woody* v. *Keller*, 106 *Id.* 176; *Hull* v. *Plume*, 131 *Id.* 511.

Applying this measure to the proofs existing at the time of the nonsuit there was no error in so far as the allegations of malpractice were concerned.

However, there was another ground urged for recovery, and, that was that the defendant had failed and neglected to sterilize Mrs. West at the time of the first or Caesarian operation and his negligence in this direction was the proximate cause requiring the second operation.

There were proofs from which the jury could find that the defendant had so undertaken and negligently failed to perform. If so plaintiffs were entitled to recover for all pain and suffering, mental and physical, together with loss of services and any other loss or damage proximately resulting from such negligence.

For this reason, therefore, it was error to nonsuit and the judgment is reversed and a *venire de novo* awarded.

*For affirmance*—CASE, COLIE, WELLS, RAFFERTY, HAGUE, DILL, JJ. 6.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, PERSKIE, PORTER, THOMPSON, JJ. 8.