[No. 37630.   Department Two.   May 13, 1965.]

RITA STAFFORD, *Appellant*, v. ROBERT B. HUNTER *et al.*, *Respondents.**

*Joseph T. Pemberton*, for appellant.

*Russell Millhouse*, for respondents.

HAMILTON, J.—The plaintiff appeals from a judgment of dismissal sustaining a challenge to the sufficiency of the evidence interposed at the close of plaintiff's case.

Plaintiff, a minor, 9 years of age at the time in question, together with her mother sought treatment at the medical clinic operated by defendant doctors. The examining physician diagnosed plaintiff's condition as tonsillitis and sent her to the "shot" room for an intramuscular injection of penicillin. The mother was directed to remain with the doctor for further examination. A registered nurse employed by defendants administered the penicillin shot in plaintiff's hip. Following the injection, the nurse instructed plaintiff to sit in a chair located in the "shot" room. The nurse then left the room. Thereafter plaintiff fainted and fell to the floor. The fall caused breakage and loss of two permanent teeth. Plaintiff initiated this suit, alleging want

*Reported in 401 P.2d 986.

of reasonable care in supervising and caring for plaintiff following the hypodermic injection.

The trial court, in granting defendant's challenge to the sufficiency of plaintiff's evidence, predicated its ruling upon two grounds: (1) That plaintiff had failed to produce evidence of a violation of the standard of care ordinarily observed by the medical profession in attending and caring for patients following administration of penicillin injections, and (2) that plaintiff had failed to produce evidence showing a causal relation between the penicillin injection and plaintiff's fainting.

Conceding that the record is barren of favorable expert testimony going to the issue of the prevailing standard of care under the circumstances, plaintiff contends the doctrine of res ipsa loquitur applies and carries her past a nonsuit. In short, plaintiff contends that from the fact of the occurrence (the fainting and falling), coupled with evidence that patients occasionally faint before, during, or immediately following a hypodermic injection, the jury would be entitled to find that defendants' nurse was negligent in leaving the room or in failing to otherwise attend plaintiff for a period of time following the injection.

We are constrained to disagree with plaintiff.

The rule is well established in this jurisdiction, as elsewhere, that negligence in the medical treatment or care of a patient must be established by showing, through expert testimony, a departure from the recognized standard of practice applicable to the situation involved, unless the negligence relied upon is so grossly apparent that a layman would have no difficulty in recognizing it as a departure from prevailing standards. *Ball v. Mudge,* 64 Wn.2d 247, 391 P.2d 201 (1964); *Richison v. Nunn,* 57 Wn.2d 1, 340 P.2d 793 (1959); *Hurspool v. Ralston,* 48 Wn.2d 6, 290 P.2d 981 (1955); *Cochran v. Harrison Memorial Hosp.,* 42 Wn.2d 264, 254 P.2d 752 (1953); *Olson v. Weitz,* 37 Wn.2d 70, 221 P.2d 537 (1950); *Fritz v. Horsfall,* 24 Wn.2d 14, 163 P.2d 148 (1945).

In the instant case, one of the defendant doctors, called as

an adverse witness, testified that fainting occasionally accompanied hypodermic injections, but that when it did the loss of consciousness occurred either before, during, or immediately following the injection, and that, absent notice of fainting tendencies or discernible symptoms thereof, it was the customary practice to discharge patients immediately following administration of a penicillin injection. The nurse testified she observed no indications of faintness in plaintiff during or after the injection, and plaintiff testified she had never before fainted upon receiving a hypodermic injection, and that on this occasion she felt no dizziness or other symptoms until after the nurse left the room. The plaintiff otherwise presented no evidence from which it could be inferred that her reactions in the presence of the nurse were other than normal or were, in any manner, such as to indicate the need of precautions beyond those which the doctor testified were ordinarily observed in similar cases.

In short, plaintiff has failed to present evidence from which it can be fairly inferred that the alleged negligence constituted such a grossly apparent departure from prevailing standards of practice as to be readily recognized by a layman.

In the light of the limited evidence presented, we find the following statement from *Hoover v. Goss*, 2 Wn.2d 237, 242, 97 P.2d 689 (1940), most apt:

> Since negligence will not be presumed, the question is whether the evidence produced by the appellant, in itself or in the reasonable inference to be drawn from it, would warrant a finding of negligence by the jury predicated upon the respondent's failure to have some one in attendance upon the appellant after administration of the treatment.

> The appellant, in her complaint, sets out the standard by which the respondent's professional conduct is to be measured, namely, "the usual practice in like cases in this locality and similar communities." Now, other than the testimony of the respondent, the appellant produced no evidence as to what was the usual practice in like cases in the locality. The trial court granted a motion

for nonsuit on the ground that, in the absence of the testimony of qualified practitioners, the jury could only speculate on what the respondent should have done in the circumstances. Indeed, the appellant produced neither medical nor lay testimony on the issue.

What was said in *Inglis v. Morton*, 99 Wash. 570, 169 Pac. 962, is applicable here:

"It may be conceded that, in malpractice cases, the case is made by the nature of the testimony and not by the profession or calling of the witnesses, as is said in *Wynne v. Harvey*, 96 Wash. 379, 165 Pac. 67. There are many conditions and effects relevant to a malpractice case 'concerning which even a layman is possessed of knowledge sufficient to render his evidence on such a subject competent.' There was in this case, however, no testimony from either lay or expert witnesses to the effect that the treatment of the respondent was unskillful or improper or that it was the proximate cause of any injury complained of by appellant."

The judgment of dismissal is affirmed.

ROSELLINI, C. J., DONWORTH and FINLEY, JJ., and BARNETT, J. Pro Tem., concur.