230 So.2d 503 (1970)
Willie C. JACKSON and James E. Jackson, Appellants,
v.
Dr. W. Richard ANDERSON, Appellee.
No. 69-77.
District Court of Appeal of Florida. Second District.
January 9, 1970.
Rehearing Denied February 13, 1970.
Fred G. Minnis and C. Bette Wimbish, of Minnis & Williams, St. Petersburg, for appellants.
James E. Tribble, of Blackwell, Walker & Gray, Miami, for appellee.
MANN, Judge.
The complaint dismissed by the order appealed from alleges breach of express warranty and negligence. After a difficult time culminating with the birth of her third child, the defendant recommended and performed an operation said to sterilize Mrs. Jackson. Later, Mrs. Jackson conceived and bore a healthy child after an uneventful pregnancy, a fact not pleaded but admitted at the hearing on the motion. The physician whose breach and negligence are charged contends that a normal birth of a healthy child precludes recovery, on grounds of public policy. We disagree.
If the appellee's contention is correct it results in an anomalous situation. It is uncontroverted that prior to the normal delivery of the child an action would lie. A contract to perform an operation sterilizing the patient is not contrary to public policy. Christensen v. Thornby, 1934, 192 Minn. 123, 255 N.W. 620, 93 A.L.R. 570. Should plaintiffs in this situation file immediately and push for final hearing before delivery? Could a dilatory defendant defeat recovery? Should we recognize a cause of action defeasible upon the happening of a condition subsequent? Even if we treat the order dismissing the complaint as a final summary judgment  which, since it takes into account an admitted fact not pleaded, fits more neatly into our conceptual pigeonholes  the fallacy in appellee's argument is clear: he suggests as vitiating liability a fact which mitigates damages.
We have no way of telling what damages the jury will assess, but if the plaintiffs can prove their case the jury is entitled to assess them. This child is not to be thought of as unwanted or unloved, but as unplanned. It is too early to express a judicial opinion on questions of damages, and we do not imply agreement or disagreement with those parts of the complaint directed to this question. On the basic question, however, we hold that these actions will lie. A California court, in Custodio v. Bauer, 1967, 251 Cal. App.2d 303, 59 *504 Cal. Rptr. 463, discusses the principles involved and collects the authorities. Pinkney v. Pinkney, Fla.App. 1967, 198 So.2d 52, is irrelevant. Vilord v. Jenkins, Fla.App. 1969, 226 So.2d 245 involved the same factual situation but the question was not presented.
Reversed and remanded.
LILES, A.C.J., and PIERCE, J., concur.