## Brignoni v. Schramm

*Joseph M. Reibman*, for plaintiffs.
*Robert H. Holland*, for defendant.

PALMER, *P.J.*, December 15, 1976—These two cases, which arise out of the same factual situation, are before us on defendant Dr. Frank E. Schramm's (Schramm) preliminary objections to the complaints. In the action brought to no. 316 January term, 1975, Schramm has demurred and has moved to strike the complaint because of lack of conformity to the Rules of Civil Procedure. In no. 189 October term, 1975, he has demurred and has asserted the defense of the pendency of a prior action, i.e., no. 316 January term, 1975.

We first note that "preliminary objections in the nature of a demurrer admit as true all facts which are averred in the complaint, together with all reasonable inferences therefrom, but not the pleader's conclusions or averments of law." Eden Roc Country Club v. Mullhauser, 416 Pa. 61, 62, 204 A. 2d 465 (1964). Considered in this light, the relevant facts, as pleaded in the complaints, may be briefly summarized. On March 18, 1973, Shramm, a physician and surgeon specializing in obstetrics and gynecology, delivered plaintiff Julia Dixon of a second child, Robert Lee Dixon, Jr. Mrs. Dixon, then married to plaintiff Robert Dixon, had an older child, Jose Brignoni. At the time of this delivery, Mr. and Mrs. Dixon consulted with Schramm concerning the desirability and feasibility of sterilizing Mrs. Dixon both for therapeutic reasons, due to her suffering from progressive muscular dystrophy which made childbearing difficult and created the

possibility of the disease being inherited by any child she might thereafter bear, and further, to limit the size of their family so that they could provide greater care and support to their two children. After consultation with members of the sterilization committee of St. Luke's Hospital where Robert Lee Dixon, Jr., was born, Schramm, on March 19, 1973, performed a bilateral partial salpingectomy on Mrs. Dixon in the facilities and with the assistance of the agents, servants, and employes of the St. Luke's Hospital. The purpose of this operation was to sterilize the patient. Notwithstanding this surgical procedure, Mrs. Dixon again became pregnant and another child, Susie Dixon, was born to her on December 19, 1974. It is, of course, the contention of plaintiffs that defendants were negligent in the performance of the sterilization procedure and, therefore, they are entitled to appropriate damages.

I

In no. 189 October term, 1975, plaintiffs are the two minor children, Jose Brignoni and Robert Lee Dixon, Jr., who had been born to Mrs. Dixon prior to the sterilization procedure of March 19, 1973. Damages are claimed in their behalf for deprivation of a portion of their parents' care, affection, training, and support that would have been allotted to them except for the birth of their sister, Susie Dixon. By his demurrer, Schramm contends these plaintiffs have failed to state a cause of action upon which relief can be granted. We agree.

In an annotation appearing in 59 A.L.R. 2d 454, entitled child's right of action, for loss of support,

training, parental attention and the like, against third person negligently injuring parent, it is noted:

"This annotation seeks to determine whether courts have recognized an independant right of action in the children to recover against the tortfeasor for such loss. The question posed may be answered briefly and in the negative. Any trend in other fields toward liberality in extending the right to recover for injury to 'consortium' has not been apparent in the situation here discussed, so that it appears to be the universally accepted rule at the present time that no such right of action exists."

For a thoughtful and penetrating discussion in support of the view that a minor child has no cause of action for damages resulting from loss of nurture by his mother as a result of physical injuries directly sustained by her due to the negligence of another, see Garb, *J.*'s, opinion in Sherman v. Heitz, 46 D. & C. 2d 177 (1968). See also Medleycott v. Harris, 64 D. &.C. 2d 780 (1973). The cases cited in support of plaintiffs' position in their brief involve actions for alienation of affections where a third party induced one of the parents to leave the family. These cases are inapposite. Indeed, one of them, Miller v. Monsen, 228 Minn. 400, 37 N.W. 2d 543 (1949), held such cases distinguishable from actions for personal injuries to a parent inasmuch as any loss to the child was indirect and in such cases the law did not recognize any right of recovery.

We agree with the reasoning of the universally accepted rule set forth in the annotation in 59 A.L.R. 2d partially quoted above and also with the

reasoning of Judge Garb in Sherman, that to recognize such a cause of action in Pennsylvania would represent the first time in any jurisdiction of the United States that it has received judicial approval. The prevailing authorities and the obvious trend in the law against the extension of liability in favor of individuals for recovery of loss of services from injury to others compels us to sustain this demurrer. Since a departure from this view would open a Pandora's box of an entire new class of legal claims, such a departure should be made by the legislature or by the appellate courts.

In sustaining the demurrer we, therefore, need not reach the merits of defendant's other objection that the complaint fails to conform to the Rules of Civil Procedure.

## II

In no. 316 January term, 1975, plaintiffs are Mr. and Mrs. Dixon, individually, and as natural guardians of Susie Dixon, the child born after the first sterilization operation performed by Dr. Schramm. Plaintiffs have acknowledged their complaint fails to state a cause of action with respect to Susie, and, therefore, we address ourselves to Schramm's demurrer to the parents' complaint.

In the complaint, plaintiff Julia Dixon claims damages for mental anguish attending the second pregnancy and thereafter, loss of earnings and care and maintenance for the child born to plaintiffs following the first sterilization operation. Her husband claims damages for the expenses incurred in the second sterilization operation, loss of consortium, expenses incurred in the birth of Susie, loss of earnings, and care and maintenance for the child.

We hold that the demurrer must be sustained for the claim for the care and maintenance for Susie, but overruled with respect to the balance of the complaint.

Without going into an extended discussion, we hold plaintiffs have stated a cause of action except for the claim for maintenance of the child born after the first sterilization procedure. We are not persuaded that sterilization, as such, is against the public policy of the Commonwealth. See for example, Shaheen v. Knight, 11 D. & C. 2d 41 (1957); Wilson v. Wilson, 126 Pa. Superior Ct. 423, 191 Atl. 666 (1937). For cases holding there is a cause of action, see Shaheen v. Knight (idem); Custodio v. Bauer, 251 Cal. App. 2d 303, 27 A.L.R. 3d 884 (1967); West v. Underwood, 132 N.J.L. 325, 40 A. 2d 610 (1945); Jackson v. Anderson, 230 So. 2d 503 (Florida 1970); Coleman v. Garrison, 281 A. 2d 616 (Delaware 1971); Hackworth v. Hart, 474 S. W. 2d 377 (Kentucky 1971); Cox v. Stretton, 77 Misc. 2d 155, 352 N.Y.S. 2d 834 (1974). For a contrary view, see Hays v. Hall, 477 S. W. 2d 402 (Texas 1972), reversed on other grounds, 488 S. W. 2d 412 (1973); Terrell v. Garcia, 496 S. W. 2d 124 (Texas 1973). Nor do we subscribe to the "blessed event doctrine" first announced in Christensen v. Thornby, 192 Minn. 123, 255 N. W. 620 (1934), which held that because plaintiff's wife had survived the resulting pregnancy and delivery and since the sterilization was to save the wife from any hazards to her life which were incident to childbirth, plaintiff had suffered no damage, but rather plaintiff husband had been "blessed with the fatherhood of another child."

We do not believe, however, that a cause of action lies for the cost of rearing the child born after the

sterilization. It would be a strange result indeed to make one civilly liable vicariously for another's copulation. We agree with the following statement in Shaheen v. Knight, supra, "[t]o allow damages in a suit such as this would mean that the physician would have to pay for the fun, joy, and affection which plaintiff Shaheen will have in the rearing and educating of this defendant's fifth child. Many people would be willing to support this child were they given the right of custody and adoption, but according to plaintiff's statement, plaintiff does not want such. He wants to have the child and wants the doctor to support it. In our opinion to allow such damages would be against public policy."

Finally, defendant's preliminary objection that plaintiffs' complaint does not conform to Pa.R.C.P. 1044 and, therefore, the itemized claims for damages should be stricken is denied and dismissed.

## ORDER

And now, December 15, 1976, it is ordered and decreed that defendant Schramm's demurrer to the complaint filed in no. 189 October term, 1975, is sustained. His preliminary objections to the complaint in no. 316 January term, 1975, are denied in part and sustained in part in accordance with the foregoing opinion. Defendant is given leave to plead over within 20 days from the date of this order.