310 So.2d 30 (1975)
Anthony Lee PAZO and Joan Pazo, Appellants,
v.
The UPJOHN COMPANY, Appellee.
No. 74-385.
District Court of Appeal of Florida, Second District.
April 2, 1975.
David T. Henniger, of Masterson, Sundberg & Rogers, St. Petersburg, for appellants.
Donald V. Bulleit, of Fowler, White, Gillen, Boggs, Villareal & Banker, St. Petersburg, for appellee.
HOBSON, Judge.
Appellants brought suit against appellee for breach of warranty and negligence claiming, among other things, that a drug manufactured by appellee and taken by appellant Joan Pazo under prescription of an obstetrician caused physical anomalies to their minor child as a result of the ingestion of the drug by the mother during pregnancy.
The trial court granted appellee's motion to strike certain portions of appellants' complaint insofar as they allege mental pain and suffering of appellants as a result of the injuries sustained by their minor child, finding that there was no "impact" between the drug and either of the appellants. In a supplementary order, all claims of appellants in their individual capacities were stricken by the lower court, and final judgment on said claims was entered for *31 the appellee, leaving only the derivative claim of any of the plaintiffs or any individual claim of the minor child.
In two recent decisions the Florida Supreme Court has again refused to recede from the "impact rule," that is, that a person may not recover for mental pain and anguish in absence of impact. Gilliam v. Stewart, Fla. 1974, 291 So.2d 593; Herlong Aviation, Inc. v. Johnson, Fla. 1974, 291 So.2d 603.
The trial court was correct in finding that there had been no "impact" to appellants as a result of injuries sustained by the minor child, and his order striking those portions of the complaint relating to pain and suffering is hereby affirmed.
The supplementary order striking all claims of appellants in their individual capacities is reversed and the cause remanded for further proceedings.
Affirmed in part, reversed in part, and remanded.
McNULTY, C.J., concurs.
BOARDMAN, J., concurs specially with opinion.
BOARDMAN, Judge (concurring specially).
I agree with that portion of Judge Hobson's opinion which reverses the ruling of the trial court striking all claims of the appellants in their individual capacities.
I likewise concur with that part of the opinion in which the trial court denied the claim of the husband for pain and suffering under the impact rule.
I am of the opinion that the appellant (mother) may recover for mental pain and anguish sustained by her because of the ingestion of the drug, and any trauma experienced in the delivery of the deformed child which would not have occurred in a normal delivery. See Way v. Tampa Coca Cola Bottling Co., Fla.App.2d, 1972, 260 So.2d 288. A review of the record indicates that the complaint alleges that the mother "... suffered physical changes induced by the drug."