Connie **SMITH**, as mother and next friend of Scott Smith, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Civ. A. No. C 74–193 Y.

United States District Court, N. D. Ohio, E. D.

April 14, 1975.

John G. Lancione, Cleveland, Ohio, for plaintiff.

James C. Diggs, Asst. U. S. Atty., Cleveland, Ohio, Walter A. Oleniewski, Dept. of Justice, Trial Atty., Washington, D. C., for defendant.

## ORDER

CONTIE, District Judge.

Defendant has moved the Court for summary judgment. Upon consideration and for the reasons stated below, the motion shall be granted.

■ This is a tort action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). It is prosecuted by Connie Smith, as Mother and next friend of Scott Smith. As the conduct resulting in this action occurred in the State of Texas, the law of that state is controlling herein. Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962).

It appears that some time during the latter part of 1970, Connie Smith (hereinafter Mother) was a patient at the 2794th United States Air Force Dispensary at Kelley Air Force Base, Texas. It is alleged that she was in the first trimester of her pregnancy at the time and that the base physicians failed to properly diagnose and treat her for rubella (German measles). The complaint further alleges that as a proximate result of said negligence the plaintiff, Scott Smith, was born with serious and substantial birth defects. The Mother's cause of action has previously been dismissed.

■ Once a woman contracts rubella while in the first trimester of pregnancy there is a substantial likelihood that any child born of that pregnancy will have birth defects due to that infection. Furthermore, even if the defendant's physicians had properly diagnosed the rubella infection, there is no known medical treatment which could prevent or palliate either the abnormalities or the likelihood thereof. Thus, the physician's negligence was in no way a cause of the child's abnormalities. Clearly, therefore, such negligence was not the proximate cause of said abnormalities. As an essential element of this cause of action fails, summary judgment must be granted to defendant.

■ As alternative grounds for the granting of summary judgment, the Court finds that plaintiff has not suffered damages cognizable at law.

Assuming that the proximate causation problem could be surmounted, plaintiff's claim becomes:

" . . . he would not have been born to suffer with an impaired body. In other words, he claims that the conduct of defendants prevented his mother from obtaining an abortion which would have terminated his existence, and that his very life is 'wrongful.' " Gleitman v. Cosgrove, 49 N.J. 22, 227 A.2d 689, 692 (1967).

Thus, the measure of damages must be "the difference between his life with defects against the utter void of non-existence . . . " Gleitman v. Cosgrove, *supra,* at 692.

This Court concurs with the opinion of the Supreme Court of New Jersey in the *Gleitman* case that:

"It [is] logically impossible for a court to measure [plaintiff's] alleged damages because of the impossibility of making the comparison required by compensatory remedies." Gleitman v. Cosgrove, *supra,* 692.

This conclusion is not without support in Texas law. While there appears to be no Texas case directly on point, a recent decision of the Supreme Court of Texas touches the issue. In Jacobs v. Theimer, 519 S.W.2d 846, (1975) that court held that the mother of a child born with birth defects had a cause of action in tort against the physicians who had negligently failed to diagnose rubella and to advise the woman of the risks involved in continuing the pregnancy where the woman would have aborted if she had been so advised.

While the instant action relates only to the child's claim, and therefore *Jacobs* is not controlling, some of the comments in said decision are germane to this issue. In its discussion of the measure of damages to be applied in the mother's cause of action against the doctors, that court commented on the measurability of damages in an action by the child:

"Insofar as the child sues for damages for life itself . . . the objection is more understandable. The objection is to an award based upon speculation as to the quality of life . . . "

This language, while dictum, gives at least some indication of Texas law on this issue. Finding no Texas case law to the contrary, this Court is of the opinion that a Texas Court confronted with this issue would conclude that plaintiff's damages are unmeasurable and that therefore summary judgment must be granted to defendant.

Accordingly, defendant's motion for summary judgment must be, and the same hereby is, granted.

It is so ordered.