341 So.2d 543 (1977)
The LADIES CENTER OF CLEARWATER INC., and Francis M. Swain, M.D., Appellants,
v.
Carol Ann RENO, et al., Appellees.
No. 76-826.
District Court of Appeal of Florida, Second District.
January 19, 1977.
*544 Kevin P. O'Connor of Magill & Sevier, Miami, for appellants.
Worth T. Blackwell, of Blackwell, Sharman & Mascara, St. Petersburg, for appellees.
PER CURIAM.
Carol Ann Reno brought this action for damages resulting from an unsuccessful abortion and birth of a child alleging negligence and breach of contract by The Ladies Center of Clearwater, Inc. and Dr. Francis M. Swain.[1] The defendants filed a third party complaint against the unwed father, David A. Keller, alleging that his negligent failure to employ a method of contraception was the legal proximate cause of any injuries or losses suffered by Ms. Reno. The trial court granted summary judgment in favor of Mr. Keller
having determined that the impregnation by the third party defendant is but the philosophical cause and not the legal proximate cause of the alleged damage, and that the only cause of action against the third party defendant is one in bastardy, having determined that illegal fornication has not, as of yet, been elevated to a tort in the eyes of the law, and having further determined that as a result defendants/third party plaintiffs have no right of indemnification or contribution from third party defendant... .
We agree with the findings of the trial judge and
AFFIRM.
BOARDMAN, C.J. and WETHERINGTON, GERALD T., Associate Judge, concur.
McNULTY, J., dissents with opinion.
McNULTY, Judge, dissenting:
In this "wrongful life" action against an abortion clinic and its doctor, brought by the mother of a bastard child born after an alleged negligently ineffectual abortion attempt, I would reverse the order appealed from which dismissed the clinic's/doctor's third-party claim over against the admitted father for indemnification of any damages which may be awarded and which, except for the claim against them, may be the sole responsibility of the father pursuant to Chapter 742, Florida Statutes (1975). I would do nothing that might inspire abortionists to attain greater efficiency in the taking of life. Saddling a negligent, unsuccessful abortionist with the legal obligation of a third-party wrongdoer would have just such an effect.
NOTES
[1] The complaint alleged among other things that "as a direct and proximate result of the foregoing, the Plaintiff was damaged in and about her body and was required to accumulate additional medical bills for herself during and after the pregnancy and was required to accumulate additional medical bills and charges for the birth and care of her minor child born as a result of the Defendants' negligence; Plaintiff suffered severe mental and physical pain, suffering and anguish upon learning of the fact that her pregnancy had not been terminated and due to the fact that the fetus which she carried may well have been damaged from the surgical procedure attempted and by the medications prescribed by the Defendants or their officers, agents or employees or during the course of the joint venture; furthermore, the Plaintiff will be required to support said unwanted child until she reaches her majority and Plaintiff's earning capacity and income will be impaired during the child's minority and Plaintiff has been forced to incur the expense of bearing and raising the child until said child reaches her majority."