367 So.2d 204 (1978)
Elbert L. FISHER, M.D., Petitioner,
v.
Oswaldo HERRERA et al., Respondents.
DOCTOR'S HOSPITAL, Petitioner,
v.
Oswaldo HERRERA et al., Respondents.
Nos. 53646, 53669.
Supreme Court of Florida.
December 21, 1978.
Rehearing Denied February 28, 1979.
*205 Steven R. Berger of Carey, Dwyer, Cole, Selwood & Bernard, Miami, for Fisher.
John W. Thornton and Edward N. Winitz of Thornton, Conroy & Herndon, Miami, for Doctor's Hospital.
Edward A. Perse of Horton, Perse & Ginsberg, and Stanley M. Rosenblatt, Miami, for respondents.
John E. Mathews, Jr., Marion R. Shepard and Jack W. Shaw, Jr. of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for Florida Medical Association, Inc.; David A. Barrett and Armando Garcia of Barrett, Boyd & Bajoczky, Tallahassee, for Florida Medical Malpractice Joint Underwriting Association and The Florida Patient's Compensation Fund; Francis W. Sams, Miami, for Dade County Bar Association; Sheldon J. Schlesinger and Jack H. Vital, III, of Simons & Schlesinger; and Frank C. Walker of Stuart, Walker & Jenne, Fort Lauderdale, for Broward County Trial Lawyers Association; J.B. Spence of Spence, Payne & Masington; and Walter H. Beckham, Jr. and Joel D. Eaton of Podhurst, Orseck & Parks, Miami, for The Academy of Florida Trial Lawyers, amici curiae.
ALDERMAN, Justice.
We have accepted jurisdiction to review the decision of the District Court of Appeal, Third District, in Herrera et al. v. Doctor's Hospital et al., 360 So.2d 1092 (Fla. 3d DCA 1978). The District Court has certified for our consideration the question of whether a medical malpractice complaint may be dismissed, with prejudice, by a trial judge when the plaintiff has filed a claim pursuant to Section 768.44, Florida Statutes (1977), formerly Section 768.133, Florida Statutes (1975), then failed to submit evidence in support of the claim before the mediation panel, but has accepted the statutory conclusion of the panel as to liability. The District Court answered this question in the negative and held that, as long as the only aspect of the mediation proceedings admissible into evidence at a subsequent trial is the statutorily limited conclusion of the mediation panel, a plaintiff who has submitted his claim to the discretion of the mediation panel is not subject to having his action dismissed for failure to meet the jurisdictional requirements of Section 768.44, Florida Statutes. We agree with the District Court's conclusion and rationale expressed in the comprehensive and well-written opinion of the late Judge Nathan.
In December, 1975, the parents and guardians of Aleida Herrera, a minor, filed a request for medical mediation, alleging that the negligence of Doctor's Hospital and Dr. Elbert Fisher, at the time their child was born in September, 1967, resulted in the child's permanent injury. The plaintiffs chose not to offer any evidence before the mediation panel when it met to consider the case. The panel thereupon found for the defendants but expressly included in its decision the following language: "... because the claimants chose not to present any evidence."
Thereafter, the plaintiffs sued Fisher and Doctor's Hospital for malpractice. The defendants moved to dismiss, alleging that the Circuit Court lacked jurisdiction because, in not offering any evidence at the mediation proceedings, the plaintiffs had failed to comply with Section 768.44. The trial court dismissed the complaint with prejudice, finding that the plaintiffs were required to present evidence before the mediation panel in order to comply with Section 768.44 and that this was a jurisdictional prerequisite to the bringing of a medical malpractice suit in the courts of this state.
The District Court reversed the trial court and held that Section 768.44 does not require a plaintiff to present evidence in support of his claim at the mediation hearing as a condition precedent to his right to sue since only precatory language is used in *206 the statute when dealing with presentation of evidence before a panel.
The relevant portion of Section 768.44 provides:
(1)(a) Any person or his representative claiming damages by reason of injury, death, or monetary loss on account of alleged malpractice ... shall submit such claim to an appropriate medical liability mediation panel before that claim may be filed in any court of this state.
.....
(6) The claim shall be submitted to the hearing panel under such procedural rules as may be established by the Supreme Court; however, strict adherence to the rules of procedure and evidence applicable in civil cases shall not be required. Witnesses may be called; all testimony shall be under oath; testimony may be taken either orally before the panel or by deposition; copies of records, x-rays, and other documents may be produced and considered by the panel; and the right to subpoena witnesses and evidence shall obtain as in all other proceedings in the circuit court. The right of cross-examination shall obtain as to all witnesses who testify in person. Both parties shall be entitled, individually and through counsel, to make opening and closing statements. No transcript or record of the proceedings shall be required, but any party may have the proceedings transcribed or recorded. The judge presiding at the hearing shall not preside at any trial arising out of the claim or hear any application in the case not connected with the hearing itself. No other hearing panel member shall participate in a trial arising out of the claim, either as counsel or witness.
(7) Within 30 days after the completion of any hearing, the hearing panel shall file a written decision with the clerk of the court who shall thereupon mail copies to all parties concerned and their counsel. The panel shall decide the issue of liability and shall state its conclusion in substantially the following language:
(a) "We find the defendant was actionably negligent in his care or treatment of the patient and we, therefore, find for the plaintiff"; or
(b) "We find the defendant was not actionably negligent in his care or treatment of the patient and we, therefore, find for the defendant."
The decision shall be signed by all members of the hearing panel; however, any member of the panel may file a written concurring or dissenting opinion. (Emphasis supplied.)
We agree with the District Court's conclusion that the language used by the Legislature is indicative of its intent not to make introduction of evidence before a mediation panel a mandatory prerequisite to filing a malpractice action in the Circuit Court, and since it is not within the province of the Court to add or detract from the plain language of the statute, we hold that submission of one's claim to a mediation panel pursuant to Section 768.44 does not require the presentation of evidence. As the District Court explained:
The crux of the problem before us lies in a determination of what constitutes "submission of a claim" for purposes of the Medical Malpractice Act. The word "claim" in the crucial phrase presents no significant problems of definition. Both under the statute itself and under the rules governing mediation procedures, a claim is essentially a statement of facts describing the alleged acts of malpractice; that is, a pleading comparable to a complaint under the Florida Rules of Civil Procedure.
The word "submit" is not subject to similar dispatch in definition. A leading legal dictionary defines "submit" as
"To commit to the discretion of another." (citations omitted)... . to present for determination... ."
Black's Law Dictionary, Revised Edition, 1968, at 1594. Appellees would have us equate mandatory submission of a claim with mandatory submission of evidence, an equation not apparent in the language chosen by the legislature.
*207 The District Court also found that the mediation panel transgressed the limitations of Section 768.44(7) by including in its decision the language, "... because the claimants chose not to present any evidence." The plaintiffs argue that the District Court's decision to strike this clause was error. We disagree and find that the District Court correctly limited the conclusion which the panel may reach to a single finding of either actionable negligence or no actionable negligence.
Accordingly, the certified question is answered in the negative. The decision of the District Court of Appeal, Third District, is approved, and the writ is discharged.
It is so ordered.
ADKINS, OVERTON, SUNDBERG and HATCHETT, JJ., concur.
ENGLAND, C.J., concurs in result only.