**BRADIAN, et ux v. BALITON, et al.**

No. 78-554-CA.

Circuit Court, St. Lucie County.

April 24, 1979.

Guy R. Bruni, Port St. Lucie, for the plaintiffs.

Stephen C. McAliley of Brennan, McAliley, Hayskar & McAliley, West Palm Beach, for the defendants.

DWIGHT L. GEIGER, Circuit Judge.

This cause came before me on motions by the defendants, Romeo C. Baliton, M. D. and the Pimco Insurance Company, to dismiss and/or strike portions of the plaintiffs' complaint. This case arose as a result of a tubal ligation that failed. Subsequent to the tubal ligation the plaintiff, Diane Bradian, became pregnant and gave

birth to a healthy female infant, Christina Frances Bradian. The complaint claims that the tubal ligation was unsuccessful because of the negligence of the defendant, Romeo C. Baliton, M. D. The complaint alleges damages to the mother Diane Bradian, her husband Nicholas Bradian, and further seeks damages on behalf of the siblings of the unplanned child, Christina Frances Bradian. The various pending motions have been carefully considered by this court. It is thereupon ordered and adjudged as follows —

The complaint seeks, as an element of damage, recovery for the cost and expense of caring for, educating, and raising the minor child. The case of *Jackson v. Anderson*, 230 So.2d 503 (2nd Dist. 1970) recognizes an action for a wrongful birth of a healthy infant, but expressly declined to rule upon what element of damages could be claimed as a result. It is this court's view that it would be wrong to permit the parents to keep their child and yet shift the entire cost of its upbringing to a physician. *Coleman v. Garrison*, 349 Atl.2d 8 (Del. 1975). Accord: *Carol v. Garcia*, 496 SW 2d 124 (Tex. 1973); *Christenson v. Thornby*, 255 NW 620 (Minn. 1934); *Shaheen v. Knight*, 11 Pa. D.C. 2d 41 (Penn. 1951); *Clegg v. Chase*, 391 NYS 2d 966 (1977); *Reich v. Medical Protective Co.*, 219 NW 2d 242 (Wis. 1974); *Gleitman v. Cosgrove*, 227 Atl. 2d 689 (N.J. 1967). Therefore, paragraph 7 in Count II and paragraph 5 in the prayer for judgment of Count II are hereby stricken.

The defendants have moved to strike the claim for punitive damages. There are no allegations against the defendant physician which, if true, would warrant recovery of punitive damages. Therefore, paragraph 2 in the prayer for judgment of Count I is stricken and paragraph 6 in the prayer for judgment of Count II is stricken.

The plaintiff parents seek, on behalf of other siblings to the unplanned child, damages for the diminishment of each child's portion of the care, affection and training which allegedly has occurred because the children have acquired a baby sister. No such cause of action exists. Aronoff v. Smider, 292 So.2d 418 (2nd Dist. 1974). Therefore, Count III is stricken and dismissed in its entirety.

That part of paragraph 5, contained in Count IV which reads, "And has further lost the income from the beauty parlor which she does not have the time to operate since the new child consumes a major portion of her spare time" is stricken. That part of the prayer for judgment contained in paragraph 1 of Count IV which reads, "For loss of income from her beauty parlor," is stricken. *Conner v. Atlas Sircraft Corp.*, 310 So.2d 352 (3rd Dist. 1975). It is conceded by the plaintiffs that the beauty shop never existed as an ongoing business.