PER CURIAM.
Appellant, George Armstrong, appeals the trial court’s order granting appellee’s motion for summary judgment based on the finding that appellant failed to mediate his medical malpractice claim. Appellee cross appeals the trial court’s finding that the complaint was not barred by the statute of limitations.
It is undisputed that appellant became aware of his probable cause of action for medical malpractice as of August 18, 1975. On November 17, 1976, appellant filed a medical mediation claim against a Dr. Tucker and appellee alleging professional malpractice. Dr. Tucker was served, answered, and obtained an extension of jurisdiction *123 from the mediation panel. However, appellant failed to ever serve appellee during the entire time the medical mediation panel had jurisdiction over the claim. On October 10, 1977, appellant filed a medical malpractice complaint against both Dr. Tucker and ap-pellee. Appellee ultimately filed a motion for summary judgment based on the appellant’s failure to mediate or alternatively that the statute of limitations had run. Although the trial court held the applicable limitation statute had not run, he found the appellant had failed to mediate his claim and granted summary judgment. We affirm.
We hold that, at the very least, to effectively submit a claim to mediation a potential plaintiff must file a claim and obtain service on the opposing party. This gives a mediation panel jurisdiction and an opposing party notice. Anything less is tantamount to failing to submit a claim in any shape or form. This the appellant in the instant case did not do and the trial court correctly ruled that appellant failed to mediate his claim against the appellee.
In Fisher v. Herrera, 367 So.2d 204 (Fla.1978), the patient filed a claim against the doctor and when the parties were before the mediation panel the plaintiff declined to present evidence. For his failure to produce evidence, the trial court dismissed his complaint in court. The district court reversed, holding the only sanction available against the plaintiff was a mediation panel finding of no negligence. That is, it was error to dismiss the malpractice suit but the doctor could introduce at trial evidence of the panel’s finding of no negligence on his part. This case is different in that the patient failed to properly submit his claim, a strict requirement of the statute and a prerequisite noted in the Fisher case. Merely filing a mediation claim without serving the doctor does not confer complete jurisdiction in the panel; so, without jurisdiction the panel could not make a finding, even a tacit one of no negligence. Until personal jurisdiction over the doctor is obtained the panel has no legal authority to proceed for or against the doctor. The appellant’s failure to serve the doctor must result in detriment to the appellant. It appears from the record appellant could have properly served the doctor (in fact he did mail a copy of the claim to the doctor) but failed to do so while the panel had subject matter jurisdiction over the claim. It also appears the appellant had caused personal jurisdiction to be conferred over another doctor in the same mediation proceeding. The trial judge was ultimately correct. Based upon the facts in this case, we conclude no one should be faulted but the appellant.
In light of our decision regarding the issue on appeal, the statute of limitations issue on cross appeal is moot.
AFFIRMED.
DAUKSCH, C. J., and ORFINGER and COWART, JJ., concur.