409 So.2d 512 (1982)
Anthony N. DiNATALE; Kathryn Lynn DiNatale, Appellants,
v.
Robert A. LIEBERMAN, M.D.; Sunland Regional Center at Orlando, Etc., et al., Appellees.
Susan Carol ALLEN, Etc., et al., Appellants,
v.
COLONIAL LABORATORY, INC., Etc., et al., Appellees.
Nos. 81-115, 81-116 and 81-503.
District Court of Appeal of Florida, Fifth District.
February 10, 1982.
*513 William G. Osborne of Robertson, Williams, Duane, Lewis, Briggs & Ranson, P.A., Orlando, for appellants DiNatale.
Maron E. Lovell, Orlando, for appellants Allen.
William B. Wilson of Maguire, Voorhis & Wells, P.A., Orlando, for appellee Lieberman.
Michael A. Estes of Woolfolk, Estes & Palmour, P.A., Orlando, for appellee Sunland.
Chet Parker, Orlando, for appellee Colonial Laboratory, Inc.
DAUKSCH, Chief Judge.
In these consolidated appeals the principal question for our review is the right of a child and its parents to sue a physician or other health care provider for damages allegedly suffered as a result of pre-natal negligence of the defendant. As we held in Moores v. Lucas, 405 So.2d 1022 (Fla. 5th DCA 1981), a child born with physical or mental defects does not have a cause of action against anyone on account of his having been born. Neither this court nor any other court in Florida recognizes a "wrongful life" cause of action.[1]
The fathers' viable causes of action in this appeal are predicated upon a "wrongful birth" theory which is based upon the alleged negligence of a physician or laboratory in failing to properly diagnose and inform the parents of the impending birth of a defective child, thus giving them the choice to terminate the pregnancy. Even though a father has no legally enforceable right to either compel or prevent an abortion, he has a right to participate in the decision. § 390.001(4)(b), Florida Statutes (1981)[2]; See, Planned Parenthood of Central Missouri v. Danforth, 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976); See also, Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965). He shares the mother's right to seek damages for the negligent wrongful birth because he shares the legal obligation to provide for the child's care and support. See, §§ 61.09 and 27.04-.06, Florida Statutes (1981); Variety Children's Hospital, Inc. v. Vigliotti, 385 So.2d 1052 (Fla. 3d DCA 1980). The father's right is not dependent upon the mother's cause of action but is his individually.
If either parent can prove that the child will require extraordinary care in the future and that the negligence of the defendant caused, or will in the future cause, *514 the parent to incur expenses for that extraordinary care, then the parent is entitled to recover damages in court for those extraordinary expenses. Moores. Because there are allegations of such negligence and of extraordinary expenses which will be incurred we reverse those portions of the trial court's orders which dismissed the fathers' claims. The plaintiffs and defendants should be permitted to file amended pleadings to conform with the Moores decision and with this decision, if they file a timely motion to do so.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
FRANK D. UPCHURCH, Jr., and COWART, JJ., concur.
NOTES
[1] "Wrongful life" has been defined as the child's cause of action for having been born deformed, and "wrongful birth" as the parents' cause of action for the expenses of caring for the defective child. Curlender v. Bioscience Laboratories, 106 Cal. App.3d 811, 165 Cal. Rptr. 477 (1980).
[2] Section 390.001(4)(b) which requires that a husband be given notice of a proposed abortion, was not effective until after the pregnancies in question here. It was passed to replace a prior provision requiring the husband's consent to an abortion, which was declared unconstitutional in Coe v. Gerstein, 376 F. Supp. 695 (S.D.Fla. 1973) aff'd, 517 F.2d 787 (5th Cir.1975), affm'd., 428 U.S. 901, 94 S.Ct. 2247, 41 L.Ed.2d 70 (1976).