## WHITNEY v. RENFREO, et al
### No. 80-727-C
Circuit Court, Marion County
May 13, 1982

Neal D. Evans and James F. Page, for plaintiffs.

Edwin C. Cluster, for defendant Marion County Hospital District.

Andrew G. Pattillo, Jr., Russell W. LaPeer, Pattillo & McKeever, for defendants Samuel L. Renfroe, M.D. and Ruby G. Guin as Personal Representative of the estate of Thomas D. Guin, deceased.

CARVEN D. ANGEL, Circuit Judge.

THIS CAUSE is before the Court on the motion of Defendants Samuel L. Renfroe, M.D., P.A., and Ruby G. Guin, as Personal Representative of the Estate of Thomas D. Guin, Deceased, to strike certain portions of the allegations contained in Plaintiffs' Amended Complaint. After argument of counsel, and consideration of the pleadings and applicable authority, the court makes the following findings of fact and conclusions of law:

1. Although the allegations in the Amended Complaint assert a cause of action for wrongful birth under theories of negligence (Count I) and breach of implied warranty (Count III), this case is not like the usual wrongful birth action. In the ordinary wrongful birth situation, the negligence and breach of warranty is alleged to have occurred (1) in performing a sterilization surgery that did not meet the required, prevailing standard of care, (2) of which the patient was unaware (either through no information, or affirmative misinformation) until the occurrence of pregnancy, and (3) on which the patient therefore reasonably relied.

2. In the present case, it is alleged that the Defendants-doctors did not perform a sterilization surgery at all, as agreed to; and there are no allegations of lack of knowledge by the Plaintiffs (either through no information or affirmative misinformation), of reasonable reliance, or of the resulting birth of an abnormal or deformed child.

3. In paragraphs 7 and 14 of Counts I and III, and in paragraphs 10 and 17 of Counts II and IV, Plaintiffs have alleged as damages, for which they claim recovery, "the expense of time and money incidental to . . . [the] rearing of the . . . [unplanned] child . . .".

4. In *Ramey v. Fassoulas,* So.2d 7 F.L.W. 488 (Fla. 3d D.C.A. 1982), the Court of Appeal ruled that in a wrongful birth action, "the parents are not entitled to damages for such past and future rearing expenses—unless the child is born with substantial physical or mental defects." *Id.* Accordingly, the court reversed the judgment before it and remanded to the Circuit Court to strike "the claim for past and future rearing expenses as to the children born in the instant case." *Id.* Similarly, in *Public Health Trust v. Brown,* 388 So.2d 1084 (Fla. 3d D.C.A. 1980), the Court of Appeal ruled that "the cost of raising a previously unwanted but healthy and normal child" is not "a recoverable

element of damages in a so-called 'wrongful birth' case." *Id.* The court stated that "[i]n holding that such a claim should not be recognized, we align ourselves with a clear majority of courts in other jurisdictions which have decided the identical question." *Id.* at 1085. (citing numerous cases from other jurisdictions).

In a wrongful birth action for alleged negligent performance of a tubal ligation surgery, the trial court granted the Motion to Strike "as an element of damage, recovery for the cost and expense of caring for, educating, and raising the minor child." *Bradian v. Baliton,* 48 Fla. Supp. 201, 202 (19th Cir., St. Lucie County, 1979). The court ruled that "it would be wrong to permit the parents to keep their child and yet shift the entire cost of its upbringing to a physician." *Id., citing* numerous decisions from other jurisdictions. The Circuit Court's decision to strike damages for rearing a normal, healthy child was cited with approval by the District Court in *Public Health Trust v. Brown,* 388 So.2d 1084 n. 1; and the Fifth District Court of Appeal, in *Moores v. Lucas,* 405 So.2d 1022 (Fla. 5th D.C.A. 1981), implicitly agreed that there should be no recovery for the expenses of rearing a normal, healthy child, by distinguishing the recovery for such damages when a child is born with deformities or defects. *Id.* at 1027.

5. In paragraphs 7 and 14 of Counts I and III, Plaintiffs have alleged as damages, for which they seek recovery, ". . . mental . . . pain and inconvenience . . ." There are no allegations of any physical injury to the Plaintiffs by Defendants, and in fact the allegations are of lack of physical contact by Defendants in not performing the sterilization surgery agreed to. Likewise, there are no allegations of intentional or calculating, deliberate conduct by Defendants towards Plaintiffs.

6. Since *Gilliam v. Stewart,* 291 So.2d 593, 595 (Fla. 1974) and *Herlong Aviation, Inc. v. Johnson,* 291 So.2d 603, 604 (Fla. 1974), there is no question that in Florida one may recover for mental pain and anguish only "when there has been a physical impact or when they are produced as a result of a deliberate and calculated act performed with the intention of producing such an injury by one knowing that such act would probably—and most likely—produce" it. 291 So.2d at 595. In *Moores v. Lucas, supra,* the Fifth District Court of Appeal affirmed as "properly stricken on the basis of the impact doctrine" the Plaintiffs' claim for past and future emotional pain and suffering. 405 So.2d at 1026. Since the allegations in the Amended Complaint, in the case at hand, allege the lack of physical impact by the doctors-Defendants, and do not allege "a deliberate and calculated act performed with the

intention of producing" mental pain, *Gilliam v. Stewart,* 291 So.2d at 595, the assertion of that element of damages must be stricken.

7. In paragraphs 7 and 14 of Counts I and III, Plaintiffs have alleged as damages, for which they claim recovery, "the expense of time and money incidental to [the] pregnancy [and] operation . . ."

Accordingly, it is

ORDERED,

1. The motion of Defendant Samuel L. Renfroe, M.D., P.A. and Ruby G. Guin, as Personal Representative of the Estate of Thomas D. Guin, Deceased, to strike portions of the Amended Complaint is granted as to the following allegations in paragraphs 10 and 17, which are stricken:

". . . the expense of the time and money incidental to the rearing of the said child born as a result of such subsequent pregnancy."

and as to the following allegations in paragraphs 7 and 14 which are stricken:

". . . the mental . . . pain and inconvenience . . ."

". . . the expense of time and money incidental to . . . rearing . . . the subject unplanned child; . . ."

There shall be no recovery for child-rearing expenses or for mental pain and inconvenience.

2. The motion to strike is denied as to the allegations in paragraphs 7 and 14, for recovery of expenses of "time and money incidental to such pregnancy, (and) operation . . ."