UPCHURCH, Judge.
Appellants, Susan Allen individually and as guardian and next friend of Michael Jacob Allen; Michael Russell Allen, individually and as guardian and next friend of Michael Jacob Allen; and Michael Jacob Allen, a minor by and through his guardians and next friends Susan Carol Allen and Michael Russell Allen, appeal from an order dismissing with prejudice their amended complaint against appellees, Robert D. Hoover, M.D., Harry C. Stone, M.D., George T. Adler, M.D., Hoover, Stone, Cor-zo and Adler, P.A., and Stone, Corzo and Adler, M.D., P.A., individually and as their professional associations.
This case arose when the Allens became parents of a severely deformed and retarded infant, Michael Jacob Allen. The Al-lens’ initial complaint was dismissed by the trial court, and, in a consolidated appeal, this court affirmed the lower court in part and reversed and remanded in part. Dinatale v. Lieberman, 409 So.2d 512 (Fla. 5th DCA 1982).[1] Upon remand, the Allens filed an amended complaint which alleged that Susan Allen consulted with appellees regarding her exposure to rubella and the potential threat it posed to her unborn child. The Allens further alleged that a blood test was negligently performed and the doctors advised Susan Allen not to worry about the disease. Finally the complaint alleged that the embryo would have been *1162 aborted if the doctors had correctly advised Susan Allen.
Susan Allen submitted her individual claim to a mediation panel as was then required under section 768.44, Florida Statutes (1979). The panel found the doctors were not negligent. The relevant provisions of section 768.44, dealing with mediation panels, state:
(l)(a) Any person or his representative claiming damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization against whom he believes there is a reasonable basis for a claim shall submit such claim to an appropriate medical liability mediation panel before that claim may be filed in any court of this state.
* * * * * #
(4) The filing of the claim shall toll any applicable statutes of limitations, and such statute of limitations shall remain tolled until the hearing panel issues its written decision or the jurisdiction of the panel is otherwise terminated. In any event, a party shall have 60 days from the date the decision of the hearing panel is mailed to the parties or the date on which the jurisdiction of the panel is otherwise terminated in which to file a complaint in circuit court.
The doctors, as individuals and as professional associations, filed a motion to dismiss the complaint on grounds that only damages for actual medical expenses were recoverable, and that the court had no jurisdiction over the professional associations or the husband since they were not included in the mediation proceedings. The court dismissed with prejudice the portions of the amended complaint affecting the professional associations of Hoover, Stone, Corzo, & Adler, P.A., and Stone, Corzo & Adler, M.D., P.A. The court’s order also dismissed all the plaintiffs’ claims against the individual doctors except those of Susan Allen in her individual capacity.
The first question presented is whether the trial court erred in dismissing the professional associations. The doctors reason that the professional associations were correctly dismissed because they were not named in the claim for mediation and that lack of subject matter jurisdiction is properly included in a motion to dismiss. See Schmauss v. Snoll, 245 So.2d 112 (Fla. 3d DCA), cert. denied, 248 So.2d 172 (Fla.1971); Fla.R.Civ.P. 1.140. They also argue that the claims are barred because the Al-lens failed to mediate these claims in the two year period allowed under section 768.-44. See Armstrong v. Howarth, 409 So.2d 122 (Fla. 5th DCA), rev. denied, 417 So.2d 328 (Fla.1982); Riccobono v. Cordis Corip., 341 So.2d 805 (Fla. 3d DCA 1977).
Section 768.44(l)(a), Florida Statutes (1979), under which the medical panel scheme was authorized, was declared unconstitutional in Aldana v. Holub, 381 So.2d 231 (Fla.1980), but the decision provided only for prospective application. The instant case was instituted prior to the Aldana decision. Section 768.44 required an injured person to submit a claim for mediation for “alleged malpractice by any medical osteopathic physician, podiatrist, hospital or health maintenance organiza-tion_” § 768.44(l)(a), Fla.Stat. (1979). The Allens argue that the professional associations were not included in this section and thus mediation was not a prerequisite to filing a malpractice claim against the associations. We agree that it was not necessary to join the professional associations in the mediation claim. The liability of the professional association is vicarious. Section 621.07, Florida Statutes (1985) provides that a professional service corporation is liable for the negligent acts of its officers or employees. A finding of negligence by the corporation is not necessary to impose liability. Therefore, we find that the trial court improperly dismissed the professional associations as parties.
The next question is whether the court erred in dismissing the father as a party. The doctors moved to dismiss on the ground that the father’s claim was *1163 barred because he failed to file a claim for mediation. We conclude that the father was properly dismissed because he did not join in the mediation claim and the statute of limitations expired before the complaint was filed.[2] Section 768.44 provided that “any person or his representative claiming damages ...” The father was claiming damages in his individual capacity and to preserve any such claim it was necessary that he submit that claim to mediation. Since Mr. Allen did not join in the mediation claim, the statute of limitations was not tolled by the mediation process. See §§ 768.44 and 95.11(4)(a), Fla.Stat. (1979).[3]
The dismissal of the professional associations is reversed and the dismissal of the complaint against Mr. Allen is affirmed.
ORFINGER and SHARP, W., JJ., concur.

. The issues resolved in Dinatale were:
1) A child born with physical or mental defects has no cause of action for being born, relying on Moores v. Lucas, 405 So.2d 1022 (Fla. 5th DCA 1981).
2) A father can sue for damages allegedly suffered as a result of prenatal negligence since he shares the legal obligation to provide for care and support. The father’s right is not dependent upon the mother’s cause of action but is his individually.
3) The parents can seek damages for extraordinary future medical expenses.
409 So.2d 513, 514.
In Moores v. Lucas, this court held that a cause of action existed in favor of parents for a physician’s failure to diagnose or warn of an inheritable disease which resulted in the birth of a deformed child. The Moores decision also held that the only damages recoverable were for the medical expenses required for the extraordinary care in the child’s treatment which are in excess of raising a normal child. Upon remand in the instant case, the Allens’ amended complaint against the treating physicians and the laboratory that conducted the blood sampling tests claimed not only damages approved in Dinatale and Moores, but also damages which were disapproved.

. The damages to which Mr. Allen would be entitled are the same damages to which Mrs. Allen would be entitled to claim under our holding in Moore v. Lucas. As a consequence, the dismissal of the father has no practical effect because there can be only one recovery for extraordinary expenses of raising the child.

. The child was born deformed on October 2, 1976, but the complaint was not filed until October 27, 1978, after the two year statute of limitations had expired.